Imero O. Fiorentino and Carole G. Fiorentino, Petitioners v. Commissioner.
Fiorentino v. Commissioner
Docket No. 795-68.
United States Tax Court
T.C. Memo 1970-316; 1970 Tax Ct. Memo LEXIS 43; 29 T.C.M. (CCH) 1445; T.C.M. (RIA) 70316; November 17, 1970, Filed. Gabriel T. Pap, 51 E. 67th, New York, N. Y., for the petitioners. Larry Kars, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1963 in the amount of $1,440.02. Concessions have been made by both parties, and the following issues remain for decision: (1) Whether a part of the expenses and the depreciation incurred in the operation of a boat are deductible under sections 162, 167, and 274, [1]
(2) Whether autombile travel and transportation expenses are deductible under sections 162 and 274; and (3) Whether a portion of the expenses incurred for rent and lighting with respect to an apartment are deductible as ordinary and necessary business expenses under section 162. Findings of Fact General Imero O. Fiorentino (hereinafter *45 referred to as petitioner) and Carole G. Fiorentino, husband and wife, were legal residents of New York, New York, at the time they filed their petition. They filed a joint Federal income tax return for 1963 with the 1446 district director of internal revenue, New York, New York. During 1963 petitioner was a self-employed television lighting designer and consultant. In this capacity he was concerned with the lighting aspects of television shows, including the placement of floodlights and spotlights in television studios, theaters and outside locations, and the scheduling and handling of the crew's work. He worked with closed circuit telecasts, conventions, industrial shows, television specials, commercial advertisements, and athletic events. As a general rule, petitioner would meet with the producer or the director to determine the lighting needs of a particular show. Arriving at decisions on such matters often required a series of conferences concerning proposed or actual programs. At these conferences, petitioner and the producers or directors would discuss the topic to be presented; the mood to be created; the physical aspects of the stage, theater, or other location; and *46 the proper lighting facilities. The busy schedules of the television producers and directors, plus the necessity for frequently holding several conferences on a single job, required meetings at night, during mealtime, and on weekends. Such nonbusiness hour discussions are quite common in petitioner's profession. The Boat During 1963 petitioner owned a 22-foot pleasure boat named "Cocktail," which he maintained in Amityville, Long Island. The boat was a cabin cruiser equipped with beds, a table, camp chairs, a bathroom, an icebox, and a portable radio which was used for general entertainment as well as to obtain weather forecasts. In that year, petitioner used his boat for both business and personal purposes. On a number of occasions he invited clients in the television industry to accompany him on boat trips, and while boating they discussed particular scripts and programs. During these meetings, he would draw possible lighting and scenery designs and would discuss budgets, costs, and personnel. These meetings were often combined with social activities, including eating, drinking, picture-taking, and, occasionally, fishing. Petitioner's only record with respect to the use *47 of the boat was a guest book which was kept on the boat and was signed by each guest at the time of his first visit. If a guest came on the boat after having once signed the book, he did not sign it again. This was true, regardless of how much time lapsed between his boat visits. Petitioner handled the guest book in this manner because of the highly competitive nature of the television industry and the need for maintaining good working relationships between himself and the several producers and directors. By allowing a guest to sign the book only once, he avoided the possibility that a potential client would examine the book and learn how often competitors or other persons had been guests on the boat. The registrations in the book made no distinction between business and nonbusiness guests; nor was there any notation in the book that business was discussed with any of the guests. The book did not contain a complete list of the guests on the boat; nor did it contain entries of all boat trips which were made during 1963. Petitioner kept no other records contemporaneously with the use of the boat; and he kept no records with respect to meals served to guests. Petitioner incurred the *48 following expenses in operating his boat during 1963: Gasoline, oil, and lubrication
$ 147.30
Repairs, supplies, and storage
795.96
Insurance 156.50
Total
$1,099.76 In his 1963 Federal income tax return, petitioner claimed business deductions for 77.78 percent of these expenses. He also claimed $388.90 as a deduction for depriciation of the boat, and $572.87 for meals served thereon - a total deduction of $1,817.16 attributable to the use of the boat. In the notice of deficiency, respondent disallowed all the boating expenses on the grounds that they were not shown to be ordinary and necessary business expenses under section 162 and that the petitioner did not comply with the substantiation requirements of section 274(d). The Automobile During 1963 petitioner owned and maintained a 1960 Rambler automobile which he used for both business and personal purposes. He used the car to make various business trips, mainly to travel to relatively nearby places where television shows and commercial advertisements were being filmed. 1447 Petitioner kept no specific records with respect to the travel and transportation expenses of each particular automobile trip. *49 Rather he determined the total mileage driven for all of 1963 and then estimated the amount thereof which was attributable to his business. In making this estimate, he prepared a list of the jobs to which he drove, determined the distance to and from each location, added all the mileage attributable to these particular trips and used the resulting figure as the total mileage driven for business purposes. Employing these procedures, he arrived at an estimate that 55 percent of the total mileage was attributable to business use. During 1963 petitioner incurred the following automobile operating expenses: Gasoline, oil, and lubrication
$134.14
Repairs
202.33
Garage
394.50
Insurance 176.83
$907.80 In his 1963 Federal income tax return, petitioner deducted 55 percent of these expenses, plus 55 percent of certain expenses for parking, bridge and road tolls, plus depreciation. Respondent disallowed these deductions on the grounds that petitioner had failed to comply with the substantiation requirements of section 274(d) or to show that the expenses were allowable under section 162. The Apartment During 1963 petitioner and his family lived in an apartment *50 in New York City. He paid $2,040 for rent and $119.06 for electricity for the apartment during that year. The apartment consisted of a bedroom, living room, large foyer area, kitchen, and bathroom. While petitioner maintained an office from which he conducted most of his business, he also did part of his office work at home. He often worked at home, late at night and early in the morning, sometimes rising at 5 o'clock in the morning and working until midnight. During the time at home he sketched lighting designs and read scripts for shows. He did this work in part in the foyer, where there was a desk and telephone, and in part in the bedroom where there was a desk. Petitioner also entertained business associates at home. Twenty percent of petitioner's use of his home is attributable to business use. In his 1963 Federal income tax return, petitioner claimed as a business expense deduction one-half the rent and one-half the cost of the electricity for the apartment. Respondent disallowed these deductions because they were not shown to be ordinary and necessary business expenses. Opinion The Boat Petitioner asserts that his boat was used for business purposes on 21 of the 27 *51 times it was used during 1963. Based upon these figures, he contends that he is entitled to deduct 77.78 percent of the expenses of operating the boat, including depreciation. He further contends that the guest book which he kept, plus the summary of the boating trips and the testimony produced at trial, are sufficient to support the deductibility of these expenses. We cannot agree. Section 162[2] allows a deduction for all the ordinary and necessary expenses incurred in carrying on any trade or business, and section 167[3] *53 allows a depreciation deduction for property used in the trade or business. However, section 274, enacted in 1962 to take effect after December 31, 1962, adds further substantiation requirements which must be met in order to permit the deduction of expenses incurred with respect to an entertainment activity or a facility, such as a boat, used for entertainment purposes. These requirements are in addition to those imposed by section 162; thus, to qualify for a deduction with respect to an entertainment activity or facility, the taxpayer must show that his outlays were ordinary and necessary business expenses and, in addition, show that they are substantiated in *52 the manner prescribed by section 274. William F. Sanford, 50 T.C. 822 (1968), affirmed per curiam 412 F. 2d 201 (C.A. 2, 1969), certiorari denied 396 U.S. 841 (1969). Section 1.274-5(c)(1), Income Tax Regs, requires that a taxpayer substantiate each of the above-mentioned elements by adequate records or by sufficient evidence corroborating his own statement. Under section 1.274-5(c)(2), Income Tax Regs., in order to meet the "adequate records" requirement, the taxpayer must maintain "an account book, diary, statement of expense *54 or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure." The 1449 account book or diary must have been prepared "at or near the time of the expenditure"; this means the record of each element must have been so prepared. Sec. 1.274-5(c) (2)(ii), Income Tax Regs. Documentary evidence includes such items as "receipts, paid bills, or similar evidence sufficient to support an expenditure * * *." Sec. 1.274-5(c)(2)(iii), Income Tax Regs.
Clearly the evidence presented by petitioner does not conform with the "adequate records" requirements. The guest book maintained by petitioner does not list each trip, let alone the names of the persons who were entertained, the purpose of the trip, or any of the other detailed elements specified by section 1.274-5(c)(6)(iii), supra. Furthermore, the list prepared by petitioner describing the alleged trips was not prepared at or near the time of the expenditures, and there is no documentary evidence to support it. As to *55 the rule permitting a taxpayer to substantiate the elements of a facility's business use by "sufficient evidence corroborating his own statement," sec. 1.274-5 (c)(1), supra, here again the supporting evidence is precisely specified. The corroborative evidence may consist of written or oral testimony of persons entertained or other witnesses setting forth detailed information about each element, sec. 1.274-5 (c)(3), Income Tax Regs. However, such evidence must be presented for each business use of the facility and such corroborative evidence must establish each of the elements set forth in section 1.274-5(c) (6)(iii), supra. Petitioner presented the testimony of several witnesses to corroborate his testimony that he entertained them, and we do not question their veracity. However, petitioner's evidence, the bulk of which consisted merely of his own statements concerning the business connection between himself and the various people he states were on the boat, is insufficient to support the business expense deductions. While petitioner might have presented the information required by the statute for some of the trips, under the regulations he is required *56 to prove all the elements specified for each business trip. Taking all the evidence presented by petitioner in the light most evidence on only a limited number of trips. Without the total number of trips for 1963 properly substantiated, and the required information with respect to each trip, whether business or nonbusiness, presented in conformance with the requirements of section 274 and the regulations, we are unable to conclude that petitioner has shown that he is entitled to any deduction for the expenses attributable to the maintenance, insurance, and depreciation on the boat. Respondent's determination in this regard is upheld. With respect to the claimed expenses for the meals served on the boat, the required elements set forth in section 1.274-5(c) (6)(iii), supra, again are applicable. Petitioner did not present any evidence of the costs for food except his own testimony in which he gave his estimates of the amount thereof; the legislative history of the statutory provisions make it plain that a taxpayer must "clearly establish his right to the deduction by proof other than his *57 own statements which may largely be self-serving." 108 Cong. Rec. 18077 (1962). See also John L. Ashby, 50 T.C. 409, 415 (1968); William F. Sanford, supra at 831. Therefore, we must hold that petitioner has not shown that respondent erred in disallowing that portion of the boating expenses attributable to meals provided for guests. The Automobile Section 274(d) requires the same type of substantiation with respect to travel expenses as for the boating expenses. [5]Section 1.274-5(b), Income Tax Regs., provides: (b) Elements of an expenditure - (1) In general. Section 274(d) and this section contemplate that no deduction shall be allowed for any expenditure for travel * * * unless the taxpayer substantiates the following elements for each such expenditure: (2) Travel. The elements to be proved with respect to an expenditure for travel are - (i) Amount. Amount of each separate expenditure for traveling away from home, * * * except that the daily cost * * * of expenditures incidental to such travel may be aggregated, if set *58 forth in reasonable categories, such as * * * for gasoline and oil* * *; 1450 (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) Place. Destinations or locality of travel, described by name of city or town or other similar designation; and (iv) Business purpose. Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel. * * * Further, a taxpayer must substantiate each element of the expenditure by adequate records or by sufficient evidence corroborating his own statements. Sec. 1.274-5(c)(1), supra. Petitioner has done neither. *59 The only evidence presented to this Court was that found in testimony by petitioner which related to his method of calculating the business mileage. Clearly such substantiation does not comport with section 274(d) or the regulations. Respondent's disallowance of these deductions must be upheld. The Apartment Based upon the entire record we think petitioner, a self-employed person, has established that he used his home for business purposes, and that at least a portion of his expenses for rent and electricity were ordinary and necessary business expenses. Cf. Newi v. Commissioner, 432 F. 2d 998 (C.A. 2, 1970), affirming a Memorandum Opinion of this Court. However, we think petitioner's computation of the amount of rent and electricity allowable for business use is excessive. A careful study of all the available evidence convinces us that 20 percent of petitioner's use of his home was for business purposes; therefore, we hold that 20 percent of the rent and electricity are attributable to his use of the residence for business purposes. Cohan v. Commissioner, 39 F. 2d 540 (C.A. 2, 1930). Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
3. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, * * * As to entertainment facilities, section 274 provides in part: 1448 (a) Entertainment, Amusement, or Recreation - (1) In general. - No deduction otherwise allowable under this chapter shall be allowed for any item - * * * (B) Facility. - With respect to a facility used in connection with an activity [which is the type generally considered to constitute entertainment] * * *, unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business, * * * (d) Substantiation required. - No deduction shall be allowed - * * * (2) for any item * * * with respect to a facility used in connection with such an activity, * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * * * * * (g) Treatment of Entertainment, etc., Type Facility. - For purposes of this chapter, if deductions are disallowed under subsction (a) with respect to any portion of a facility, such portion shall be treated as an asset which is used for personal, living, and family purposes (and not as an asset used in the trade or business). The Income Tax Regulations amplify the requirements of section 274 by prescribing the kind of substantiation that will be regarded as "adequate" records or "sufficient" evidence to corroborate the taxpayer's own testimony. Section 1.274-2(e)(4)(iii), Income Tax Regs., sets forth the evidence that will be deemed to establish that a facility was used primarily for the furtherance of a taxpayer's trade or business. It provides in part: (iii) Enterainment facilities in general. A taxpayer shall be deemed to have established that - (a) A facility used in connection with entertainment, such as a yacht or other pleasure boat, * * * (b)* * * was used primarily for the furtherance of his trade or business if he establishes that more than 50 percent of the total calendar days of use of the facility by, or under authority of, the taxpayer during the taxable year were days of business use. * * * Section 1.274-5(c)(6)(iii), Income Tax Regs., prescribes the rules for establishing that an entertainment facility was used primarily for the furtherance of a taxpayer's trade or business within the meaning of section 274(a)(1)(B). With respect to each use of the facility not in furtherance of the taxpayer's trade or business, the taxpayer must maintain records showing a description of each such use, the cost, date, number of persons entertained, and nature of the entertainment (which may be described simply as "personal use"). With respect to each claimed business use of the facility, petitioner must substantiate the following elements These elements are found listed in sec. 1.274-5(b)(1), Income Tax Regs.: (b) Elements of an expenditure - (1) In general. Section 274(d) and this section contemplate that no deduction shall be allowed for any expenditure for travel, entertainment, or a gift unless the taxpayer substantiates the following elements for each such expenditure: (i) Amount; (ii) Time and place of travel or entertainment (or use of a facility with respect to entertainment), or date and description of a gift; (iii) Business purpose; and (iv) Business relationship to the taxpayer of each person entertained, using an entertainment facility or receiving a gift.
[4] : (1) the amount spent; (2) the time and place of the use of a facility with respect to entertainment; (3) the business purpose;and (4) the business relationship to the taxpayer of each person entertained or using the entertainment facility. ↩
5. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. * * * (d) Substantiation Required. - No deduction shall be allowed - (1) under section 162 or 212↩ for any traveling expense * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement * * *