**HIPPODROME OLDSMOBILE, INC.,**
Plaintiff-Appellee,

v.

**UNITED STATES of America,**
*Defendant-Appellant.*

No. 72-1375.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 7, 1972.

Decided Feb. 27, 1973.

Louis A. Bradbury, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Daniel B. Rosenbaum, Attys., Tax Div., Dept.

of Justice, Washington, D. C., on brief; Charles H. Anderson, U. S. Atty., Nashville, Tenn., of counsel.

W. W. Berry, Nashville, Tenn., for plaintiff-appellee; James H. Cheek, III, Bass, Berry & Sims, Nashville, Tenn., on brief.

Before EDWARDS and LIVELY, Circuit Judges, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

This case presents the question as to whether under a 1962 amendment to the Internal Revenue Code a corporate taxpayer may deduct as ordinary and necessary business expenses the depreciation and expenses of a pleasure boat, when concededly the company customers entertained thereon were not subjected to any specific exposure to taxpayer's products or suggestion that they buy them while being thus entertained.

The District Judge who heard the taxpayer's suit for refund of taxes paid under protest found these facts:

(1) A number of automobile agencies in Nashville owned boats for the purpose of entertaining past and future customers to obtain business. This practice was an accepted business procedure in this area.

(2) This was a method of competition for business between automobile agencies.

(3) The accepted method while utilizing these craft with guests thereon was the use of the "soft sell." The representative of the automobile agency would not initiate business conversation but would wait for the guests to mention the product of the host. As a practical matter, there was an unspoken awareness of the reason for the entertainment.

(4) This business tactic was, from an economic standpoint, very successful. In fact, during the taxable years when the corporate taxpayer spent the total sum for the three-year period of slightly more than $11,000, it made direct sales during the same three years to the persons so entertained of $180,-988.11, plus $91,232.11 in subsequent years. The amount of sales does not include sales to persons influenced by the guests.

He held that the use of the boat for taxpayer's "soft sell" entertainment of customers was an "ordinary and necessary business expense" within the meaning of that language in 26 U.S.C. § 162 (1970), and that it also was deductible under the language of 26 U.S.C. § 274 (1970), Int.Rev.Code of 1954, D.C., 339 F.Supp. 826.

We reverse.

At the outset we accept the above-noted facts as found by the District Judge. We also recognize that expenses at issue on this appeal would probably have been treated as deductible prior to 1962. In that year, however, Congress gave searching attention to claimed abuses of the business expense deduction. The statute finally adopted contains this language:

(B) Facility.—With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business,

26 U.S.C. § 274(a)(1)(B) (1970).

We see no need to plant our decision upon the regulations adopted under § 274(a)(1)(B), upon which the government strongly relies, or upon the government's claims of failure of taxpayer properly to substantiate his claims under certain of those regulations.

The plain language of § 274 which we have quoted bars a tax deduction for the type of "soft sell" entertainment described by the District Judge. We hold as a matter of law that the deductions claimed by the taxpayer for the entertainment of customers shown in this record were not *"directly* related to . . . the *active* conduct of the taxpayer's . . . business."

The entertainment activities on the corporate taxpayer's boat (a 45 foot Chris Craft, Corvair) were, of course, a wholly legitimate method of developing business good will. The District Judge found: "This business tactic was, from an economic standpoint, very successful." Since the District Judge also found that "This practice was an accepted business procedure in this area. . . . [and] a method of competition . . . between . . . agencies," it may well be regarded by the taxpayer as a practice which is either desirable or necessary for it to continue as a matter of sound business judgment. Our question, however, is not the legitimacy of the business practice. In this appeal we deal only with the question of whether expenses for such general good will type of entertainment are subject to deduction for income tax purposes under the terms of the 1962 amendments.

▇ If the words "directly" and "active" in the key statutory phrase quoted above did not of themselves serve to bar such general good will entertainment as this record discloses (and as indicated above, we think they do), then the legislative history of the debate on the 1962 amendment serves to indicate a clear Congressional intent that general good will entertainment could no longer be deducted as a business expense.

26 U.S.C. § 274(a)(1)(B) (1970) as finally adopted was the result of a controversy between the House and the Senate over how restrictive the legislation should be. In its March 18, 1962, Report to the House on § 274, the Ways and Means Committee staked out its position:

> With respect to expenses for entertainment activities, the bill provides that a deduction will be allowed only to the extent that the taxpayer establishes that the expense was directly related to the active conduct of his trade or business. This means that the taxpayer must show a greater degree of proximate relation between the expenditure and his trade or business than is required under present law. Among other things he will have to show more than a general expectation of deriving some income at some indefinite future time from the making of the entertainment-type expenditure; however, he will not be required to show that income actually resulted from each and every expenditure for which a deduction is claimed.
>
> If the expenditure is for entertainment which occurs under circumstances where there is little or no possibility of conducting business affairs or carrying on negotiations or discussions relating thereto, the expenditure will generally be considered not to have been directly related to the active conduct of business.

H.R.Rep.No.2508, 87th Cong., 2d Sess. 19 (1962).

The response of the Senate Finance Committee termed the House proposal too harsh and proposed to amend it by allowing "entertainment expenses associated with the active conduct of a trade or business."

> Your committee's bill to a considerable degree retains the basic structure of the House bill. However, the effect of the principal provision (the disallowing of a deduction for certain entertainment expenses) has been modified to permit the deduction of expenses for goodwill where a close association is established between the expense and the active conduct of a trade or business.
>
> The report of the Committee on Ways and Means made it clear that the House bill was not designed to disallow completely deductions for entertainment, amusement or recreation expenses, but rather it was intended to eliminate abuses. Under the general rule, no deduction would be allowed for any such expenses except to the extent that such expenses are directly related to the active conduct of a trade or business. Despite the clear language of the House bill and the stated intent of the provision, consid-

erable uncertainty and confusion as to the actual effect of the House draft has been created by the interpretation given this language in the House committee report. It in effect interprets the proposed statutory language to disallow a deduction for any expense for entertainment, amusement, or recreation unless the expense is described in one of a series of specific exceptions to the general rule. Where the expense is covered by an exception, the rules of existing law would continue to govern the deductibility of the expense.

To eliminate the harshness resulting from the House report, amendment of the language of the House bill is necessary. Despite amendment of the House bill your committee has made certain that entertainment expense abuses are eliminated. By your committee's amendment an alternative rule is added to the House bill under which expenses for entertainment, amusement, or recreation (with respect to both activities and facilities) also will be deductible to the extent that such expenses are associated with the active conduct of a trade or business. This new language will permit deduction of expenses for entertainment, amusement, or recreation incurred for the creation or maintenance of business goodwill without regard to whether a particular exception applies. However, this new language will apply only if the taxpayer demonstrates a clear business purpose and shows a reasonable expectation of deriving some income or other benefit to his business as a result of the expenditure. If he meets this test, the expenditure will be considered to be *associated with* the active conduct of his trade or business; otherwise, the expense will be disallowed under your committee's amendment.

S.Rep.No.1881, 87th Cong., 2d Sess. 26, 27 (1962). (Emphasis added.)

If the language employed above by the Senate Finance Committee did not serve to show that it intended to contin-ue to allow deduction of expenses "for entertainment . . . for the creation or maintenance of business good will," such as is involved in this case, one of the Committee's examples certainly did:

For example, if the taxpayer acquires a fishing camp which he uses almost exclusively for entertaining business guests, deduction of the expenses of the camp will be disallowed only to the extent that it was used for personal or other nonbusiness purposes. On the other hand, if he uses it almost exclusively for personal purposes, but occasionally takes business guests to the camp no deduction is to be allowed.

S.Rep.No.1881, 87th Cong.2d Sess. 32 (1962).

The report of the Joint Conference Committee shows that the Senate won on one issue but lost on the issue here presented. The Conference Committee added the "associated with" language to § 274(a)(1)(A) dealing with entertainment "directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise)." But the Senate receded and accepted the House proposal as to § 274(a)(1)(B) applicable to general entertainment expenses or facilities (not directly associated with a business meeting or convention) such as we deal with in this appeal:

### DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES

Amendments Nos. 29, 30, and 31: The bill as passed by both the House and the Senate adds a new section 274 to the code (relating to disallowance of certain entertainment, etc., expenses). Section 274(a)(1) as passed by the House provided that no deduction otherwise allowable under chapter 1 of the code is to be allowed for any item—

(1) with respect to an activity which is of a type generally considered to constitute entertainment, amuse-

ment, or recreation, unless the taxpayer establishes that the item was directly related to the active conduct of the taxpayer's trade or business, or

(2) with respect to a facility used in connection with such an activity, unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business,

and such deduction is in no event to exceed the portion of such item directly related to the active conduct of the taxpayer's trade or business.

Senate amendments Nos. 29, 30, and 31 inserted the words "or associated with" after the words "directly related to" each place they appeared in the new section 274(a)(1) as passed by the House.

Under the conference agreement the House recedes on Senate amendment No. 29 with an amendment providing that deductions otherwise allowable under chapter 1 of the code shall not be allowed for any item with respect to an entertainment type activity "unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with," the active conduct of the taxpayer's trade or business. Under the conference agreement, the Senate recedes on amendment No. 30, and the House recedes on amendment No. 31 with an amendment conforming to the action on amendment No. 29.

The rule of the House bill as described in the report of the Committee on Ways and Means is more strict than the "or associated with" rule of the Senate amendment. The rule of the House bill would not allow deduction of expenditures for entertainment occurring under circumstances where there is little or no possibility of conducting business affairs or carrying on negotiations or discussions relating thereto, such as where the group of persons entertained is large or the distractions substantial.

It is the understanding of the conferees, both on the part of the House and the Senate, that the alternative Senate "or associated with" test as described in the report of the Finance Committee would apply to certain entertaining primarily to encourage goodwill where the evidence of business connection is clear, whether or not business is actually transacted or discussed during the entertainment. The conference agreement would permit a deduction for the cost of an entertainment item, even though the item is not directly related to the active conduct of the taxpayer's trade or business. If the item is associated with it, so long as the entertainment activity directly precedes or follows a substantial and bona fide business discussion. The conditions under which an item is "associated with" the active conduct of a trade or business are contained in the report of the Committee on Finance. The deductibility of other items of entertainment expense, as well as items with respect to facilities, would be governed by the rule of the House bill.

Section 274(a) as agreed to by the conferees will allow as a deduction the cost of entertaining connected with what are primarily business meetings. For example, if the taxpayer conducts substantial negotiations with a group of business associates and that evening entertains the group and their wives at a restaurant, theater, concert, or sporting event, such entertainment expenses, if associated with the active conduct of the taxpayer's business, will be deductible even though the purpose of the entertainment is merely to promote goodwill in such business. Moreover, if a group of business associates with whom the taxpayer is conducting business meetings comes from out of town to the taxpayer's place of business to hold substantial business discussions, the entertainment of such business guests by the taxpayer the evening prior to the business discussions will be regarded as

directly preceding the business discussions.

Similarly, if in between, or in the evenings after, business meetings at a convention, the taxpayer entertains his business associates or prospective customers attending such meetings (and their wives), such entertainment will be considered as directly preceding or following a business discussion.

Any entertainment which is a part of substantial and bona fide business discussions, where the conduct of business is the principal activity during the combined entertainment and business time spent together by the taxpayer and the person or persons entertained, will be deductible if the expense is associated with the active conduct of the taxpayer's trade or business.

H.Conf.Rep.No.2508, 87th Cong., 2d Sess. 16 (1962).

The House Ways and Means Committee which prevailed on the § 274(a)(1)(B) issue, of course, previously made its purpose clear:

Your committee's bill is designed to eliminate the abuses which have developed in this area. The bill provides new rules which, in general, would: (1) disallow a deduction with respect to entertainment activities, except to the extent that the expense is directly related to the active conduct of a trade or business; (2) disallow a deduction with respect to entertainment facilities, unless the facility is used primarily for the furtherance of the taxpayer's trade or business and the expense is directly related to the active conduct of the trade or business;

* * * * * *

This means that the taxpayer must show a greater degree of proximate relation between the expenditure and his trade or business than is required under present law. Among other things he will have to show more than a general expectation of deriving some income at some indefinite future time from the making of the entertainment-type expenditure; however, he will not be required to show that income actually resulted from each and every expenditure for which a deduction is claimed.

If the expenditure is for entertainment which occurs under circumstances where there is little or no possibility of conducting business affairs or carrying on negotiations or discussions relating thereto, the expenditure will generally be considered not to have been directly related to the active conduct of business.

H.R.Rep.No.2508, 87th Cong., 2d Sess. 18, 19 (1962).

Additionally, subsequent to the adoption of § 274(a)(1)(B) the Treasury Department adopted regulations under 26 U.S.C. § 274(h) which serve to reinforce the views we have expressed above. *See* Regs. 26 C.F.R. § 1.274–2, and more particularly subdivisions 1.274–2(c)(3)(i), (ii) and (iii) (1972). Subdivision (iii) specifically provides:

The active conduct of trade or business is considered not to be the principal character or aspect of combined business and entertainment activity on . . . yachts and other pleasure boats unless the taxpayer clearly establishes to the contrary.

26 C.F.R. § 1.274–2(c)(3)(iii) (1972).

This regulation and its subdivisions have been upheld and applied in Fiorentino v. Commissioner, 29 T.C.M. 1445 (1970), aff'd in open court, 455 F.2d 1406 (2d Cir. 1971); Andress v. Commissioner, 51 T.C. 863 (1969), aff'd per curiam, 423 F.2d 679 (5th Cir. 1970). The District Judge did not discuss or make any finding concerning this subdivision. Under the view we take of this appeal, reliance on this regulation is not required. If it were, however, we would hold that under this record the taxpayer had failed clearly to establish the contrary of the presumption.

We note, of course, that appellee relies upon language contained in § 1.274–2(c)(3)(ii). But appellee fails to note that even if the activity which led to these claims for deduction did satisfy subdivision (ii) under the regulation, it also had to meet "all the requirements of subdivisions (i), (ii), (iii) and (iv)." 26 C.F.R. 2(a)(3) (1972). Our review of. those subdivisions convinces us that appellee's entertainment activity passed the tests of none of them.

We shall, however, comment specifically upon the language relied upon by appellee which we emphasize below:

"the taxpayer actively engaged in a business meeting, negotiation, discussion, *or other bona fide business transaction, other than entertainment,* for the purpose of obtaining such income or other specific trade or business benefit . . ." 26 C.F.R. 1.274–2(c)(3)(ii) (1972). (Emphasis added.)

In the context of this regulation we do not see how the language "bona fide business transaction, other than entertainment" can be said to fit a trip on a yacht or boat where past or prospective automobile customers are entertained where, as the District Judge found, "the representative of the automobile agency would not initiate business conversation but would wait for the guests to mention the product of the host."

 Under the language of § 274(a)(1)(B) and its legislative intent as set out above, the corporate taxpayer which claims a deduction for entertainment not covered by § 274(a)(1)(A) must in meeting the statutory requirements show a definable business purpose for the occasion (other than creation of general good will) and unilateral control (absent unforeseen circumstances) over whether the business purpose is carried out.

The judgment of the District Court is vacated and the case is remanded for entry of an order dismissing the complaint.