WILLIAM R. CHILDS and KATHLEEN M. CHILDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Childs v. Commissioner
Docket No. 6742-80.
United States Tax Court
T.C. Memo 1981-519; 1981 Tax Ct. Memo LEXIS 217; 42 T.C.M. (CCH) 1105; T.C.M. (RIA) 81519; September 21, 1981. William R. Childs, pro se. David T. Baier, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $ 1,387.45. The only issue or decision is whether petitioners are entitled to deductions for expenses incurred in maintaining a sailboat and entertaining gusts aboard the boat in 1977. FINDINGS OF FACT At the time the petition was filed, petitioners, William R. and Kathleen M. Childs, husband and wife, were legal residents of Chicago, Illinois. They filed their joint Federal income tax return for 1977 with the Kansas City Service Center of the Internal Revenue Service. During 1977, William R. Childs (hereinafter referred to as petitioner) was employed as an outside salesman for International Business Machine Corporation (IBM). His compensation for his services consisted of a salary plus a commission. For 1977, the Form W-2, attached to his income tax return, shows that *219 he received compensation from IBM in the amount of $ 22,901.57. During that year he submitted vouchers, and was reimbursed by IBM, for transportation, meals, lodging, and telephone expense in the amount of $ 2,425. In addition, during 1977, petitioners owned a three-story building in Chicago. They lived in the first floor of the building and rented out the second and third floors as well as the garage and common area located in the property. From this building they reported rents in the amount of $ 5,841, expenses of $ 8,547, and depreciation of $ 4,345. Petitioner owned a 32-foot sailboat for which he incurred maintenance and operation expenses in the amount of $ 5,406 in 1977. He sailed the boat on occasions between June 1 and September 30 of that year. He incurred entertainment expenses on the boat in the amount of $ 1,038 in that year. On their 1977 income tax return, petitioners claimed deductions for 50 percent of these expenses. Petitioner used the boat a total of 54 days during 1977. Of these 54 days, petitioner concedes that the boat was used for personal purposes for 27 days. For the other 27 days, the boat was devoted primarily to use for social and recreational *220 purposes. Respondent disallowed the claimed deductions with respect to the maintenance of the boat as well as the entertainment expenses incurred in connection with its use. OPINION To be entitled to the claimed deductions for the use of his sailboat, petitioner must show that the disputed expenditures were "ordinary and necessary expenses paid or incurred during the taxable year" (1) in carrying on his "trade or business" as an IBM employee within the meaning of section 162(a) [1] or (2) in the "production or collection of income" under section 212(1) in connection with his Chicago rental property. [2]
In addition, because the boat is an entertainment facility, under section 274(a)(1)(B) petitioner is denied any deduction unless he shows that the boat was "used primarily for the furtherance" of his "trade or business" and that the particular expenses were "directly related *221 to the active conduct of such trade or business." Section 1.274-2(e)(4)(iii), Income Tax Regs., provides the "primary use" of an entertainment facility is established by showing "that more than 50 percent of the total calendar days of use of the facility * * * during the taxable year were days of business use." To qualify as a day of business use, the facility must be "primarily used" on that day for "the conduct of a substantial and bona fide business discussion." The term "bona fide business discussion" means that "the taxpayer actively engaged in a business meeting, negotiation, discussion, or other bona fide business transaction" which was "substantial in relation to the entertainment." Section 1.274-2(d)(3)(i)(a), Income Tax Regs. Under section 274(d), petitioner has the additional burden of substantiating by adequate records the expenses claimed and the business relationship thereof. Handelman v. Commissioner, 509 F.2d 1067, 1072 (2d Cir. 1975). We hold that petitioner has not made the requisite showing under sections 162(a), 212, or 274. Petitioner has frankly admitted that he used the boat for personal purposes on 27 of the 54 days it was used in *222 1977. He makes no claim to a deduction for expenses attributable to those days. Of the 27 days of claimed business use, he entertained tenants and others on 4 days, allegedly to discuss his apartment building. On 2 other days he entertained individuals with whom he allegedly discussed real estate or other investments. We are not convinced by these contentions. We think it quite incredible that the owner of a single apartment building which, according to petitioner's income tax return, produced gross rents of only $ 5,841 and required expenses of $ 8,547, without regard to depreciation, in 1977, would find it "ordinary" or "necessary," in order to foster the production or collection of income within the meaning of section 212, to entertain his tenants and other individuals who had expertise in real estate or other related business fields. We find no credible evidence of any substantial bona fide business discussions or negotiations on those days of the boat's use. Petitioner also asserts that 6 of the 27 days of business use were devoted to entertaining fellow IBM employees. On 3 of those days, he entertained fellow IBM salesmen, and on the other 3 days he entertained IBM administrative *223 personnel. The record shows that IBM provides adequate office facilities for its salesmen and employees to discuss and conduct the company's business. Petitioner does not explain, except in the most general terms, why he found it necessary to entertain his fellow salesmen or what business matters they discussed or negotiated. Petitioner testified that he found it necessary to entertain the IBM administrative people because he had to compete with the other salesmen for their services and attention. Yet the administrative manager for the local IBM sales office where petitioner was employed testified: The Court: Is it true that a salesman has to compete for the services of the administrative people? A: No. Thus, we do not think the cost of entertaining these IBM business associates was an ordinary or necessary expense under section 162(a). The other 15 of the 27 days of claimed business use were allegedly devoted to entertaining customers or consultants. On at least 6 of those days, the people on the boat included Kenneth Houston, a close friend of petitioner's, a former IBM employee who was working for an IBM competitor in 1977. Petitioner described Mr. Houston as his *224 "consultant" and testified that "We always make it a point to talk about each other's business." At another point, petitioner testified that it was their "practice" not to sail solely for "personal reasons." Petitioner has not shown what, if any, substantial business discussions, transactions or negotiations were conducted on these occasions or on any of the other occasions on which petitioner entertained Houston and other individuals who were allegedly his customers or consultants. Petitioner offered as evidence a document which he described as a "log" purportedly reflecting his business and personal use of the boat. [3] The log was apparently intended to meet the substantiation requirements of section 274(d) and the related regulations. The Revenue Agent who examined petitioner's return for 1977 testified that a similar document was presented to her during her examination of the return, that she copied the notations shown on the document, and that certain notations were added or changed on the document after it was presented to her for review. Petitioner denies that changes were made. We need not decide whether the entries in the log offered in evidence were made contemporaneously *225 with the boat's use, because the log, when considered in the light of the testimony reviewed above, does not substantiate that the boat was used primarily for business purposes; nor does it substantiate petitioner's out-of-pocket expenditures for entertainment on the boat. Sec. 1.274-2(a)(1), Income Tax Regs. The log and related testimony simply do not establish clearly that "the active conduct" of business was "the principal character or aspect" of the boat's use. Sec. 1.274-2(c)(3)(iii), Income Tax Regs. See Fiorentino v. Commissioner, T.C. Memo. 1970-316 (1970), Supplemental T.C. Memo. 1970-344 (1970), affd. per order 455 F.2d 1406 (2d Cir. 1971); Nicholls, North, Buse Co. v. Commissioner, 56 T.C. 1225 (1971); Ashby v. Commissioner, 50 T.C. 409 (1968). *226 Also, petitioner appears to have proceeded under the erroneous impression that it was sufficient for him to show that he used his sailboat as a means of generating goodwill among his tenants, advisors, business associates, and potential customers. We do not question that goodwill among those individuals could prove helpful to him in his work as a salesman and landlord or that use of the boat was a legitimate method of generating goodwill. As pointed out above, however, section 274(a)(1)(B) provides that the particular expenses claimed as deductions must be "directly related to the active conduct" of business. The mere fact that potential customers were included on the entertainment list does not suffice. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). As "a matter of law * * * deductions claimed by the taxpayer for the entertainment of customers" the purpose of which is to establish goodwill are not "directly related to * * * the active conduct of the taxpayer's * * * business." Hippodrome Oldsmobile, Inc. v. United States, 474 F.2d 959, 960 (6th Cir. 1973). The taxpayer must show *227 more than a general expectation of deriving some income at some indefinite future time from the making of the entertainment-type expenditure. Handelman v. Commissioner, supra at 1074. Section 274 was adopted to eliminate tax abuses in respect of entertainment expense deductions. H. Rept. 1447, 87th Cong. 2d Sess. (1962), 1962-3 C.B. 423. On hearing the testimony and on examination of the record in the instant case, we are left with the distinct conviction that this is precisely the kind of case toward which the section was directed. The section is not intended to deny deductions for properly substantiated, directly related business expenses, but it requires more than a passing reference to business during the course of entertainment to qualify the costs of operating a boat and entertaining on it as deductible business expenses. The business meeting, negotiation, or transaction must be bona fide and substantial in relation to the entertainment. We think petitioner has failed to show that more than mere passing references to his business affairs were made in his contacts with the individuals who joined him in the use of his boat. Indeed, on each *228 of at least 6 of the days of alleged business use, petitioner's log shows that the boat was used in a race. We think it unlikely that the competitive spirit which petitioner exhibited at the trial would permit him to accomplish much business-wise on such occasions. The evidence, as we view it, quite clearly shows that the boat was devoted primarily to use for social and recreational purposes. To reflect certain concessions of the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. There is no contention that renting the Chicago property was a trade or business. The answer on the merits is the same regardless of whether the trade or business requirements were met.↩
3. Although petitioner's summary of the log states that the boat was used 54 days, the log itself noted entries on 56 days. Regardless of which figure is correct, petitioner fails to meet the literal requirement of sec. 1.274-2(e)(4)(iii), Income Tax Regs.↩, that "more than 50 percent of the total calendar days of use of the facility" were days of business use.