FRANCIS SAMP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Samp v. Commissioner
Docket No. 11706-77.
United States Tax Court
T.C. Memo 1981-706; 1981 Tax Ct. Memo LEXIS 39; 43 T.C.M. (CCH) 89; T.C.M. (RIA) 81706; December 14, 1981. Richard M. Kates, for the petitioner. Anita N. Gottlieb, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1972
$ 5,517.02
$ 275.85
1973
7,850.40
392.53
Concessions have been made by the parties. The issues remaining for decision are: (1) whether petitioner is entitled to deduct more than one-half of his rental expenses for 1972 and 1973 for an apartment he used in his insurance business and for personal living purposes; *41 (2) whether petitioner is entitled to claimed deductions for "entertainment, boat expense" for both years; (3) whether petitioner is entitled to claimed deductions for depreciation and ammunition for six hand guns he purchased during 1972 and 1973; and (4) whether the petitioner is liable for the additions to tax under section 6653(a). This is essentially a substantiation case. To facilitate the disposition of the factual issues presented we will combine our findings of fact and the discussion of the applicable legal principles. Some of the facts have been stipulated and are so found. Francis Samp (petitioner) was a resident of Chicago, Illinois, when he filed his petition in this case. He filed timely Federal income tax returns with the Internal Revenue Service Center at Kansas City. In 1972 and 1973 petitioner operated his own insurance agency under the name of Francis Samp Insurance. He sold casualty, fire, workmen's compensation and general liability insurance for various companies. 1. Apartment Rental Expense
Petitioner rented an office and an apartment in Marina City, an office and housing complex located in Chicago. During 1972 he paid rent of $ 4,906 *42 for the office and $ 2,880 for the apartment. He deducted both amounts as a business expense on his Federal income tax return for that year. During 1973 he paid rent of $ 4,800 for the office and $ 3,030 for the apartment. The total amounts for the office and apartment were deducted as a business expense on the 1973 return. The lease for the apartment provided that the premises were to be used as a "private residence or dwelling only." The apartment had a living room, a bedroom, a bathroom, a kitchen, a hallway and one and a half balconies. The living room was furnished with a desk, a couch and a chair. The desk was in a corner. It had four telephones on it which rang in petitioner's office as well as in the apartment. There was an intercom between the office and the apartment. The living room decorations included a gun display and a painting. The bedroom was furnished with a desk and a combination couch and day bed. Petitioner used the apartment for business and as a residence in 1972 and 1973. He used it for talking with his insurance customers and for conferences. The petitioner slept in the apartment at least 125 nights during each of the years in issue. The remainder *43 of the time he was either out of town or he slept at the home of his father or his girlfriend. Petitioner received his personal mail at the apartment address, and he was registered at that address for voting purposes. In his notice of deficiency respondent allowed deductions for the entire amounts of the office rent and 50 percent of the apartment rent was allowed as a business expense. The remainder of the apartment rent was disallowed as a nondeductible personal living expense. Petitioner contends that he should be allowed a business expense deduction equal to 8/9ths of the apartment rent for each year. We disagree. On this record we are satisfied that respondent correctly allowed 50 percent of the apartment rent as a deduction. [2] Petitioner bears the burden of proof on this issue, and we think he has failed to establish that he is entitled to deduct amounts greater than those allowed by the respondent. He made substantial use of the apartment for personal living. 2. Entertainment--Boat Expenses
In April 1966, the petitioner purchased *44 a 23-foot power boat (Formula 233) from Par Marine Corporation for $ 9,865.25 and extra equipment totaling $ 421.50. In July 1966, he also purchased a trailer for the boat from Thede Boats and Motors for $ 865. During 1972 and 1973 the petitioner used the boat for both personal and business purposes. On his Federal income tax return for 1972 he claimed a deduction of $ 3,311 for the business use of the boat. On his 1973 return he claimed $ 3,560. These amounts included claimed depreciation on the boat of $ 1,457.38 for each year, based on a useful life of 8 years. The amounts were calculated on 75 percent business use of the boat. Respondent disallowed all of the claimed deductions. Petitioner did not maintain a separate log or diary recording the uses of the boat, but he did keep a partial record of its business uses by making entries on his business appointment calendar. Most of the entries there showed a name, a time of the day and the notation "boat." The entries did not show the amount of expense attributable to each use of the boat, the length of the trip, the destination, the business purpose, or the business relationship of petitioner's guests to him. Some of *45 petitioner's boat guests were insurance customers as well as his friends. Some of the people shown as guests on his appointment calendar were not listed in his business records as customers. Petitioner offered the testimony of five persons who were entertained on the boat, who were past or present customers and who testified generally with respect to discussions relating to the insurance business. Petitioner introduced receipts for his boat-related expenses which in summary (except for depreciation) reflect the following: 1972
Storage
$ 391.00
Repairs, Parts & Service
619.74
Total
$ 1,010.74
1973
Storage
$ 391.00
Repairs, Parts & Service
284.75
Insurance
125.40
Total
$ 801.15
Petitioner estimated his gasoline and oil expenses (approximately $ 900 per year) for the boat, and he concedes on brief that the claimed amounts have not been substantiated. Certain business expenses must meet two standards to be deductible. For expenses connected with an "entertainment facility" (here the power boat) to be deductible the petitioner must first establish that the expenses meet the requirements of section 162 that they were ordinary *46 and necessary expenses paid or incurred in connection with his trade or business and, second, of section 274 that "the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business." In addition, section 274(d) imposes strict substantiation requirements. Whether an expense is ordinary and necessary is a question of fact. Petitioner must show a proximate relationship between the expenditure and his trade or business. According to his testimony, some of the guests on his boat were customers or business associates. Some were also his friends. Petitioner's testimony, and that of his witnesses, indicates some connections between his business and the use of his boat. Section 274 disallows any deduction with respect to an entertainment facility unless the taxpayer establishes that it was used primarily for the furtherance of his trade or business and that the expense was directly related to the active conduct of such trade or business. Section 274(a)(1)(B). A taxpayer is deemed to have established that an entertainment facility, such as a boat, was used primarily *47 for the furtherance of his trade or business if he establishes that more than 50 percent of the total calendar days of use of the facility were days of business use. Section 1.274-2(e)(4)(iii), Income Tax Regs. Periods of nonuse, such as days of repair or storage, are not considered in determining the percentage of business and nonbusiness use. Section 1.274-2(e)(4)(i), Income Tax Regs. In order to establish that an entertainment facility was used primarily for business, the taxpayer must introduce evidence of total use and personal use as well as of business use. A precise accounting of the day and purpose of each use is required. Handelman v. Commissioner, 509 F.2d 1067, 1073 (2d Cir. 1975), reversing a Memorandum Opinion of this Court; Nicholls, North, Buse Co. v. Commissioner, 56 T.C. 1225 (1971). Section 274 and the regulations make it clear that no deductions are allowed with respect to an entertainment facility unless it is used primarily for business. The allowable deduction, however, is further restricted to expenses "directly related to the active conduct of such trade or business." Section 1.274-2(a)(2), Income Tax Regs. Directly related *48 entertainment, as defined in section 1.274-2(c)(3) requires (1) that the taxpayer had more than a general expectation of deriving some income at some indefinite future time from the entertainment expenditure, (2) that during the entertainment the taxpayer engaged in the active conduct of business, (3) that the active conduct of business was the principal aspect of the activity, and (4) that the expenditure was allocable to the taxpayer and a person with whom he engaged in the active conduct of business. This "directly related" requirement bars any deduction for general good will entertainment. Hippodrome Oldsmobile, Inc. v. United States, 474 F.2d 959 (6th Cir. 1973). The substantiation requirements of section 274 apply to all entertainment expenditures. Section 1.274-5(a), Income Tax Regs. The taxpayer must establish the amount of each separate expenditure, the date of the entertainment, the location of the entertainment, the business reason for the entertainment or the nature of the business benefit derived from the entertainment, and the business relationship of the person entertained to the taxpayer. Section 1.274-5(b)(3). "Adequate records" substantiating *49 these elements are contemporaneous account books, diaries, or statements which include a statement of business purpose and documentary evidence such as receipts or paid bills. Section 1.274-5(c)(2). If a taxpayer fails to comply with the "adequate records" requirements, he may substantiate his expenses by his own statements corroborated by other evidence. Section 1.274-5(c)(3). Whatever method of substantiation the taxpayer uses, however, he must substantiate each element of the expenditure. When the taxpayer is deducting expenses for an entertainment facility, these substantiation standards apply both to the element of primary use and the element of "directly related" entertainment. Furthermore, if a taxpayer fails to maintain adequate records concerning an entertainment facility, it shall be presumed that the use of such facility was primarily personal. Sections 1.274-5(b) and 1.274-5(c)(6)(iii), Income Tax Regs.
Petitioner's records do not adequately substantiate any of the elements required by section 274. He has not established that the boat was primarily used for business. His testimony was that the boat was used on eight days during 1972: a trip with Morton Lieberman *50 on May 17; a trip with Carol Talkington on June 4; an unidentified trip on July 1; a trip to Michigan City on July 22; and the return from Michigan City on July 23; a trip with Tom Jeffries on August 19; and two trips with Vivian Novak, one on August 26 and the second on September 3. Petitioner also testified that he took eight boat trips during 1973: a trip with Paul Hueble on May 19; a trip with Ken Medema on June 13; a trip to the Chicago Block Company plant on July 4; a trip on July 11 with Partoll and Galassi; a trip to Michigan City on July 22; a trip with Harold Adams on July 23; another trip to Michigan City on July 28, with a return on July 29; and a trip with R. J. Holeman on August 1. Other entries in petitioner's business appointment calendars for 1972 and 1973 indicate trips on the boat. The total number of times the petitioner used the boat during the two years in question cannot be determined from this record. A taxpayer is required to introduce evidence showing total use and personal use of an entertainment facility. It is not enough to show the number of business use days; the taxpayer must also show there were fewer days of personal use. Nicholls, North, Buse Co. v. Commissioner, supra. *51 Petitioner contends that he recorded every use of the boat in his appointment book, yet he admitted that it was used almost exclusively for business appointments. It is unlikely that personal uses of the boat would have been recorded in his business appointment book. We also note that the petitioner estimated that he spent approximately $ 900 each year on gasoline. At $ .45 a gallon he would have purchased 2,000 gallons of gasoline during each year. He testified that his longest trip, the trip to Michigan City, used fifty gallons. [3] But he said most of his trips were short cruises on the lake. Even if petitioner grossly overestimated his gasoline costs, which cannot be determined because he kept no records of gasoline purchased, we think he used the boat far more than the eight times testified to in each year. Even if the occasions petitioner testified about were the only times he used the boat in 1972 and 1973, he has still not established that the boat was used primarily for business, nor has he established that the expense of operating *52 the boat was directly related to the active conduct of his business. The testimony and records introduced are in our judgment inadequate to fulfill the requirements of section 274(d). The entries in petitioner's business appointment calendar consist only of a name, a date, and an hour. This substantiates the person and the element of time. There is no indication in the calendar of the amount of the expenditure and, since none of the entries include the length of the trip, there is no way to compute an expense as basic as the cost of gasoline used on the trip. None of the entries indicate the business relationship of the person entertained to petitioner. Petitioner testified that all his guests were related to his insurance business, either as customers or suppliers. His former associate, John F. Walberg, testified that Medema, Partoll, and Galassi were customers, and that Hueble was not. Most of petitioner's guests, however, were not named in his customer records. There is no evidence in this record to corroborate petitioner's testimony concerning his business relationships with Carol Talkington, Tom Jeffries, Paul Hueble, or Vivian Novak. Since many of petitioner's guests *53 were personal friends, the mere fact that they were also customers does not establish that business was the principal aspect of the boat trips. Rutz v. Commissioner, 66 T.C. 879, 886 (1976). Petitioner must also establish that the purpose of the boat trips was the active conduct of business. He and his witnesses have made rather broad and general assertions that they always discussed business when they got together. In our view such testimony clearly lacks the specificity required by section 274. Nicholls, North, Buse Co. v. Commissioner, 56 T.C. at 1235-1236. See also Ashby v. Commissioner, 50 T.C. 409 (1968). In some instances the person named in petitioner's appointment book was not even present on the boat. For example, when he visited the Augustyniaks in Michigan City the only person present with him on the boat for the trip across Lake Michigan was his girlfriend. Surely he was not actively engaged in a bona fide business transaction during that entertainment period. Accordingly, for the reasons stated, we hold that the petitioner is not entitled to deduct any expenses related to the boat. 3. Claimed Depreciation *54 of Guns and Deduction of Ammunition Expense
Petitioner, who was interested in collecting guns, purchased two pistols in 1972 for $ 194 and deducted the amount as a business expense. In 1973 he bought eight guns for $ 1,491. Four of these were on display in his apartment. He claimed that the other four were used for personal protection at his office and in his car, and therefore deducted their cost as a business expense. An unsolved murder had occurred in the Marina City complex in 1972. Petitioner sometimes goes to what he believes are unsafe job sites to settle insurance claims. Petitioner filed an application to become a deputy sheriff in Cook County in 1973 and he began a training program sometime during that year. He spent about $ 34 for ammunition in 1973. In his notice of deficiency respondent disallowed all of the claimed deductions for the guns and ammunition.
There is no way this Court will sanction the deductibility of a private handgun collection under these circumstances. A handgun simply does not qualify as an ordinary and necessary business expense for an insurance agent, even a bold and brave Wyatt Earp type with a fast draw who is willing to risk injury *55 or death in the service of his clients. We regard such expenses as extraordinary rather than "ordinary" to the usual and customary business of an insurance agent. Nor are they "necessary," i.e., appropriate and helpful, for the development or protection of his business. Indeed, petitioner's arguments for deductibility strike us as erroneous and just plain nonsense. Consequently, we hold that the amounts spent for the guns and ammunition are personal expenses which are nondeductible under section 262. 4. Section 6653(a) Additions to Tax
The final issue is whether the petitioner is liable under section 6653(a) for the additions to tax determined by respondent. Section 6653(a) provides that if any part of the underpayment of tax is due to negligence or intentional disregard of rules and regulations, there will be added to the tax an amount equal to 5 percent of the underpayment. Respondent's determination is presumptively correct, and the petitioner has the burden of proving that the imposition of the additions to tax was erroneous. Enoch v. Commissioner, 57 T.C. 781, 802 (1972). Petitioner contends that he was not negligent because he relied on his *56 accountant to prepare his Federal income tax returns for 1972 and 1973. Generally, the duty of filing accurate returns cannot be avoided by placing responsibility on an agent. Enoch v. Commissioner, supra at 802. There is, however, an indication in some cases that a taxpayer may insulate himself from the addition to tax for negligence if he furnishes all the necessary information to his agent who prepared the return. Pessin v. Commissioner, 59 T.C. 473, 489 (1972). That is not the case here. There is no evidence showing that information the petitioner gave his accountant. Moreover, the issues here are neither complex nor do they require any sophisticated tax knowledge which might excuse the petitioner's errors. Pessin v. Commissioner, supra at 489. Petitioner failed to maintain sufficient records to accurately reflect his expenses as required by section 6001 and section 1.6001-2(a), Income Tax Regs. And he deducted amounts as business expenses which were clearly of a personal nature. Therefore, we sustain respondent's determination and hold that the petitioner is liable for the section 6653(a) additions to tax. *57 To reflect the concessions of the parties and our conclusions on the disputed issues, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. We note that this case involves years prior to the enactment of section 280A, Tax Reform Act of 1976, Public Law 94-455.↩
3. Even if each trip was that long, based on petitioner's claimed gasoline usage he would have made approximately 40 trips each year.↩