FRANK PAUL RUTZ, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3177-74.     Filed August 18, 1976.

*G. Eric Lonnquist* and *Leo S. Meysing,* for the petitioner.
*Gary R. DeFrang,* for the respondent.

FORRESTER, *Judge:* Respondent has determined deficiencies in petitioner's Federal income tax for the taxable years 1971 and 1972 in the amounts of $1,682.65 and $2,136.54, respectively. The sole issue presented for our decision is whether certain claimed deductions for gifts, entertainment, meals, boat operations, and depreciation should be disallowed under the provisions of section 274.[1]

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner Frank Paul Rutz, unmarried during 1971 and 1972, resided in Portland, Oreg., at the time he filed the petition herein. He filed individual Federal income tax returns for the years 1971 and 1972 with the District Director of Internal Revenue in Oregon.

Petitioner has been in practice as a chiropractic physician in Portland since 1946. During the years 1971 and 1972, he engaged in this activity as a sole practitioner, and this was his only business pursuit.

In 1969, petitioner purchased a used Fairliner Cruiser boat. On September 4, 1971, petitioner traded in the Fairliner Cruiser for a new 32-foot Carver Cruiser boat for a total purchase price of $19,478.80, including the trade-in value of the Fairliner Cruiser.

On his returns for the taxable years 1971 and 1972, petitioner claimed business deductions as follows:

|  | 1971 | 1972 |
| --- | --- | --- |
| Public relations | $1,681.47 | $1,512.44 |
| Entertainment | 2,155.73 | 1,628.79 |
| Sales promotion | 474.26 | 736.83 |
| Cruiser operations | 1,201.56 | 1,807.96 |
| Cruiser depreciation | 808.76 | 2,426.10 |
|  | 6,321.78 | 8,112.12 |

The above expenses were incurred in connection with meals and parties that petitioner hosted, cruises on petitioner's boat during which he provided liquor and snacks, and gifts made by petitioner.

In his statutory notice of deficiency, respondent disallowed these deductions pursuant to section 274, except for amounts totaling $318.10 and $296.60 in 1971 and 1972, respectively.

Petitioner maintained a logbook for the boat which consisted of a pocket-sized notebook in which he contemporaneously recorded the date of each trip, the names of his passengers, the boat's trip meter readings before and after the cruise, and, in some cases, the weather, time, and cruises on which the boat was taken. For purposes of the trial of this case, petitioner compiled a table from this logbook identifying whether passengers were patients before or after the date indicated, and whether these passengers referred patients to petitioner. Petitioner also

prepared monthly summaries of expenses for the tax years in question from receipts in his possession. These monthly summaries stated the date and amount of the expenditures and, in some cases, the names of the persons entertained. The underlying receipts for 4 months of the 2-year period were submitted into evidence by petitioner as illustrative of the receipts that were retained by petitioner for each month. These illustrative receipts name the place of the entertainment and, in most cases, the persons entertained.

Evidence was introduced bearing only on the deductibility of the disputed 1971 deductions. The parties have agreed that the disputed 1971 deductions are representative of the disputed 1972 deductions and have stipulated that once we have determined the percentage of the disputed 1971 deductions that is allowable, this percentage will be applied to the disputed 1972 deductions to determine their allowability.

In 1969, an Internal Revenue Service agent informed petitioner that, if he wanted to claim deductions for entertainment expenses, written records stating names, places, and purpose of the entertainment should be maintained for such expenses.

Most of petitioner's patients became his personal friends and part of petitioner's reason for inviting patients onto his boat was the personal friendship that he felt for them.

Petitioner concedes the nondeductibility of expenses for membership dues totaling $275 and $300 in 1971 and 1972, respectively. Respondent concedes that petitioner may claim deductions for 1971 of $48.29 in addition to those business expenses he has previously allowed for that year.

## OPINION

During the years at issue, petitioner claimed business deductions for meals, entertainment, gifts, and boat operation and depreciation totaling $6,321.78 in 1971 and $8,112.12 in 1972. Respondent has disallowed most of these claimed deductions. Respondent argues that petitioner has failed to satisfy the substantiation requirements of section 274(d) and, additionally, that such deductions do not meet the "directly related" test of section 274(a).[2] In view of our holding that petitioner has failed

---

[2] SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES.

to satisfy the requirements of section 274(d), we do not reach the section 274(a) issue.

Section 274(d) states:

(d) SUBSTANTIATION REQUIRED.—No deduction shall be allowed—
* * *

(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or

(3) for any expense for gifts,

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * *

The Income Tax Regulations, promulgated pursuant to section 274(h), amplify and clarify the statutory terms "adequate records" and "sufficient evidence." These regulations have been held to be generally in accordance with the statute. *William F. Sanford,* 50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Under respondent's regulations, in order to meet the "adequate records" requirement of section 274(d), a taxpayer must maintain an account book, diary, statement of expense, or similar record which is prepared contemporaneously to the expenditure. These contemporaneous records, in combination with certain documentary evidence (such as receipts, paid bills, or similar evidence supporting an expenditure), must establish

---

(a) ENTERTAINMENT, AMUSEMENT, OR RECREATION.—

(1) IN GENERAL.—No deduction otherwise allowable under this chapter shall be allowed for any item—

(A) ACTIVITY.—With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or

(B) FACILITY.—With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business,

and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business.

each element—amount, time, place, business purpose, and business relationship—of an expenditure. Sec. 1.274-5(c)(2), Income Tax Regs.

In the instant case, the logbook and monthly summaries that petitioner kept for the years at issue fail to establish each element of his expenditures.[3] Both the business purpose of the expenditure and petitioner's business relationship to the persons entertained are missing in all cases and, in some cases, the place of entertainment and the names of the persons entertained are missing.[4] Accordingly, we hold that petitioner has not substantiated his business expenses by "adequate records" as required by section 274(d).

Since petitioner has failed to substantiate the business purpose and business relationship of each expenditure by "adequate records," the claimed deductions are allowable under section 274(d) only if petitioner has substantiated these missing elements "by sufficient evidence corroborating his own statement." Sec. 1.274-5(c)(3), Income Tax Regs. Under the regulations, to substantiate an element by "sufficient evidence," petitioner must establish such element (1) by his own oral or written statement containing *specific information in detail* as to such element, *and* (2) by other corroborative evidence sufficient to establish such element. Sec. 1.274-5(c)(3), Income Tax Regs. In most cases, petitioner has not satisfied the specific information requirement and, in all cases, has failed to satisfy the corroboration requirement as to business purpose. Petitioner also has failed to satisfy the corroboration requirement as to business relationship in all but a few cases.[5]

---

[3] The entries in the logbook were clearly "made at or near the time of the expenditure." Sec. 1.274-5(c)(2)(ii)(*a*), Income Tax Regs. The parties have stipulated that the monthly summaries qualify as contemporaneous records. However, the table that petitioner prepared for trial indicating the business relationship of the passengers named in the logbook is clearly *not* a contemporaneous record.

[4] We realize that under sec. 1.274-5(c)(2)(ii)(*b*), Income Tax Regs., a written explanation of business purpose is not required in those cases where the business purpose of an expenditure is evident from the surrounding facts and circumstances. However, petitioner is unable to fall within such exception here because there is no indication in the contemporaneous records of the business relationship of the persons entertained. Accordingly, we are unable to deduce the business purpose of such expenditures from the surrounding facts and circumstances.

[5] Petitioner prepared a written statement containing specific information as to the business relationship of those persons entertained on his boat and he testified orally as to the business relationship of other persons that he entertained. However, petitioner's only corroborative evidence was the testimony of four referral sources whose testimony only corroborated their own business relationship to petitioner. The business relationship of the other persons entertained is uncorroborated and unsubstantiated.

Section 1.274-5(b)(3)(iv), Income Tax Regs., specifies the type of information which must be provided in detail to substantiate business purpose:

Business purpose. Business reason for the entertainment or nature of business benefit derived or expected to be derived as a result of the entertainment and, except in the case of business meals described in section 274(e)(1), the nature of any business discussion or activity;

In most cases, petitioner has not, by his own statement, provided the specific information in detail required to substantiate business purpose. There are 53 disputed expenditures for meals[6] or entertainment[7] listed in petitioner's 1971 monthly summaries. With respect to 39 of these entries petitioner either testified that there was no business discussion or failed to testify regarding the existence of a business discussion or activity. Many of these entries for which there is no testimony with respect to a business discussion are expenditures for liquor[8] which the petitioner testified without corroboration was for use on his boat. However, petitioner's general, self-serving testimony that business was always discussed on his boat is insufficient to establish the business purpose for these liquor expenditures. *Handelman v. Commissioner,* 509 F.2d 1067 (2d Cir. 1975); *LaForge v. Commissioner,* 434 F.2d 370 (2d Cir. 1970); *Norman E. Kennelly,* 56 T.C. 936 (1971), affd. 456 F.2d 1335 (2d Cir. 1972).

Although the nature of any business discussion or activity need not be proved to establish the business purpose element in the case of a business meal as described in section 274(e)(1), this exception is unavailable to petitioner. There is no evidence in the record, other than the names of the restaurants, indicating the surroundings in which petitioner furnished meals. Therefore, we cannot conclude that these meals were furnished under circumstances "conducive to a business discussion."

[6] The business meals exception, sec. 274(e)(1), is an exception from the requirements of sec. 274(a), but the substantiation rules of sec. 274(d) apply to business meals. *William F. Sanford,* 50 T.C. 823 (1968).

[7] There are a total of 59 entries in petitioner's 1971 monthly summaries. Three entries have been allowed or conceded by the respondent, and although petitioner's testimony is unclear on this issue, it appears that three more entries pertain to gift expenditures. The remaining 53 disputed expenditures are for activities which are of a "type generally considered to constitute entertainment, amusement or recreation." Sec. 1.274-2(b)(1)(i). *Wm. Andress, Jr.,* 51 T.C. 863 (1969), affd. 423 F.2d 679 (5th Cir. 1970).

[8] With respect to the 13 entries for liquor expenditures, which appear in petitioner's 1971 monthly summaries, the place of the entertainment is not recorded in petitioner's contemporaneous records nor did he offer any corroborative evidence regarding this element of the liquor expenditures.

In summary, petitioner has provided à statement containing specific information in detail as to the business purpose of only 14 of the 53 disputed expenditures for meals and entertainment. However, even if petitioner's testimony met the specific information requirement for all items, he would still not have substantiated business purpose for these items by "sufficient evidence corroborating his own statement" because he has not produced the second required element, viz, corroborative evidence sufficient to establish business purpose. Petitioner's testimony as to business purpose was self-serving and uncorroborated. Section 274(d) was intended to prevent the allowance of a deduction based on a taxpayer's unsupported self-serving testimony. S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741; *John L. Ashby,* 50 T.C. 409 (1968); *William F. Sanford, supra.*

We realize that "oral testimony of the taxpayer together with circumstantial evidence available, may be considered 'sufficient evidence' for the purpose of establishing the business purpose required under the new provision." S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 741. However, the circumstantial evidence available in the instant case does not provide sufficient corroborative evidence to establish the element of business purpose. Petitioner testified that an agent of the Internal Revenue Service told him to record in writing the names, place, and purpose relating to each expenditure. Despite this advice, petitioner did not include the purpose of the expenditure in his contemporaneous records. Secondly, although petitioner called as witnesses persons that he had entertained, these persons did not testify as to the surrounding circumstances of such entertainment or to the nature of any business discussion or activity that might have occurred during the entertainment. Thirdly, petitioner did not introduce patient records to support his uncorroborated, self-serving statements as to his business relationship to the persons whose names—but not business relationship—appear in his contemporaneous records. It is likewise relevant that petitioner has showed no convincing reason why adequate records were not maintained or sufficient corroborative evidence introduced. *Nicholls, North, Buse Co.,* 56 T.C. 1225 (1971); *William F. Sanford, supra.*

The presence of actual or potential patients and referral sources is not sufficient corroborative evidence to establish

business purpose since the evidence shows that most of petitioner's patients became his personal friends and that part of his reason for entertaining them was the personal friendship that he felt for them. These circumstances make it most likely that some of the entertainment here under scrutiny was personal in nature. *John Robinson,* 51 T.C. 520 (1968), affd. 422 F.2d 873 (9th Cir. 1970). In *Nicholls, North, Buse Co., supra,* the recording of the employers of the various guests—companies with whom the taxpayer did business—did not provide sufficient circumstantial proof of business purpose. In *William F. Sanford, supra,* we commented (50 T.C. at 827) that:

Certainly, the fact that petitioner may have entertained "advertising agency people" at these dinners is not conclusive of the business character of the meals, for at least some of these people may also have been personal friends of petitioner, and the business aspects of the occasion may have been minimal or wholly nonexistent. * * *

Furthermore, other than the names of the restaurants involved, there is a total lack of testimony describing the surroundings in which these meals were taken. Accordingly, we hold that petitioner has not substantiated the elements of business purpose either by adequate records or by sufficient evidence corroborating his own statement as required by section 274(d).

The three entries in petitioner's 1971 monthly summaries that relate to gift expenditures are likewise not substantiated as required by section 274(d) with respect to the business purpose of the gift and the business relationship of the recipient of the gift to the petitioner. Sec. 1.274-5(b)(5), Income Tax Regs. The depreciation and operation expenses relating to petitioner's boat are similarly unsubstantiated. Sec. 1.274-5(c)(6))(iii), Income Tax Regs.

On three occasions, petitioner entertained his office staff either alone or in conjunction with other persons. The respondent has conceded that the expenses totaling $31.91 associated with one of these occasions are deductible. With respect to the remaining expenditures the petitioner has the burden of proving that these expenditures are within the ambit of section 274(e)(5).[9] *Welch v. Helvering,* 290 U.S. 111 (1933);

---

[9] The substantiation rules of sec. 1.274-5(c), Income Tax Regs., do not apply to recreational expenses for employees as described in sec. 274(e)(5), except that the taxpayer must keep records to establish that such expenses were for activities primarily for the benefit of qualifying employees as described in sec. 274(e)(5). Sec. 1.274-5(c)(7)(ii), Income Tax Regs.

Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has not met his burden of proof and we likewise sustain respondent's disallowance of these deductions.

*Decision will be entered under Rule 155.*