PEDRO H. and JOAN F. LEON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leon v. Commissioner
Docket No. 10722-77.
United States Tax Court
T.C. Memo 1978-367; 1978 Tax Ct. Memo LEXIS 153; 37 T.C.M. (CCH) 1514; T.C.M. (RIA) 78367; September 13, 1978, Filed Pedro H. Leon, *154 pro se. Charles O. Cobb, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: The respondent determined a deficiency in the petitioners' Federal income tax for the year 1975 in the amount of $ 368.12. In the statutory notice of deficiency, the respondent allowed the petitioners a deduction for charitable contributions in the amount of $ 1,138, instead of the amount of $ 1,297 claimed by them on their *155 income tax return. The petitioners have conceded the propriety of this adjustment. The respondent allowed petitioners the amount of $ 253 as a deduction for home-office expense, instead of the amount of $ 637 claimed by them on their return. The parties have stipulated that the proper deduction for home-office expense is in the amount of $ 358. This leaves for decision, then, only the question of whether the petitioners are entitled to a deduction in the amount of $ 773, or any amount, for entertainment expense, under the provisions of section 274. Some of the facts in this case were stipulated and are so found by ths reference. The petitioners filed a timely income tax return for the year 1975. When the petition in this case was filed, they resided at 2820 Echo Hill Way, Orange, California. During the year in question, the petitioner Pedro H. Leon (hereinafter referred to as "petitioner") was employed as an outside salesman by Reichhold Chemicals, Inc., working out of its office in Azusa, California and covering the sales territory of Orange County and San Diego, California. His principal customers were companies engaged in the boat industry, the recreational vehicle *156 industry, and the industry of manufacturing chemical storage tanks of fiberglass. He was paid strictly on a salary basis and not on the basis of amounts earned as commissions on sales made by him. It was stipulated that, during the year 1975, the petitioner incurred entertainment expenses in the amount of $ 773. The evidence indicates that this amount was spent by the petitioner and his wife for cocktail and dinner parties given by them in their home. At the trial, petitioner produced a list of nine individuals, together with a designation of their business affiliations, whom he had entertained at these parties. These individuals were identified as executives of companies that were customers or potential customers, and it appeared that all of them held positions in which they might cause business to be done with the petitioner at some time. This list showed 17 occasions on which the petitioner had entertained these people. It indicated that in nearly every instance the executive had been accompanied by his wife, and frequently by his family, and that on several occasions the parties had consisted of two or more couples, and sometimes two or more families, in addition to the *157 petitioner and his wife and family. Although the petitioner testified that he found it easier to talk with these business executives in his home than in their offices and that there was some discussion of business at these parties, we find that any such business discussion there was no more than the usual "shop talk" engaged in by most professional men and businessmen at such parties, usually to the irritation of their wives and hostesses. No evidence was introduced to show that any particular transaction was the subject of a business meeting or conference at any one of these parties. There was no evidence of a bona fide business meeting held either immediately before or immediately after any one of the parties in question. We conclude from all the evidence that, in entertaining these various individuals, it was the petitioner's purpose to create good will among customers or potential customers and to cement business friendships and relationships. At one time this might have been enough to justify deduction of these expenses as ordinary and necessary business expenses, but no longer.For taxable years after 1962, the Congress has imposed very strict requirements upon the deduction *158 of expenditures for entertainment. The evidence offered has failed to show that the petitioners have met the requirements necessary to qualify them to take these deductions. Section 274(a)(1)(A) provides that no deduction shall be allowed for any item with respect to entertainment unless the taxpayer establishes that the item was "directly related to" the active conduct of the taxpayer's trade or business, or establishes that the item was "associated with" the active conduct of the taxpayer's trade or business, in the case of an item of entertainment directly preceding or following a substantial and bona fide business discussion. Section 1.274-2(c)(3), Income Tax Regs., provides that, for an expenditure to be directly related to the active conduct of the taxpayer's trade or business, it must be shown that the taxpayer had more than a general expectation of deriving some income or business benefit from the expenditure, otherthanthegoodwill of the person or persons entertained. It also provides that, during the entertainment period to which the expenditure relates, the taxpayer must have actively engaged in a business meeting, negotiation, discussion, or *159 other bona fide business transaction, other than entertainment, for the purpose of obtaining such income or other specific trade or business benefits. The regulation makes it clear tht it must be shown positively that the principal character or aspect of the combined business and entertainment to which the expenditure relates is the active conduct of the taxpayer's trade or business. While the petitioner may have hoped that such entertainment as he furnished would aid his business in the future, he has failed to show that it was "directly related to" the active conduct of his trade or business, in that he has failed to show that the purpose of the entertainment was to engage in business meetings, negotiations, discussions, or other bona fide business transactions. In short, he has failed to show that the principal character or aspect of the combined business and entertainment to which these expenses relate was "the active conduct of the taxpayer's trade or business." Under section 274(a)(1)(A) a deduction can be claimed for the expense of entertainment if it was "associated with" the active conduct of the taxpayer's trade or business, in the case of an item of entertainment *160 directly preceding or following a "substantial and bona fide business discussion." In this case, however, there was no evidence to show that the entertainment provided, on any one of the various occasions for which it is claimed, either directly preceded or followed such a substantial and bona fide business discussion. Since the taxpayer claimed, and was allowed, a deduction for an office in his home, it would seem that there was readily available a place for such a bona fide business discussion, if, indeed, one had been held on one or more of these social occasions. Yet, there was absolutely no evidence to show that the petitioner, on any of these occasions, got together with these business executives in his home-office, or elsewhere, for such a bona fide business discussion, either before or after a cocktail or dinner party to which they had been invited. Therefore, we must conclude, also, that the entertainment provided by the petitioner was not associated with the active conduct of his trade or business, within the meaning of this section of the Code. In St. Petersburg Bank & Trust Company v. United States,362 F.Supp. 674 (M.D. Fla. 1973), affd. by 5th *161 Cir. Oct. 30, 1974 in an unpublished opinion, cert. den. 423 U.S. 834 (1975), the court denied a deduction for the expense of entertainment quite similar to that involved in the instant case. In that case, Mr. Rutland, the president of a bank, incurred expenses as the result of certain cocktail and dinner parties held at his home and certain dove shoots and barbeques held at his ranch. After a thorough review of the regulations and, especially, the legislative history surrounding the enactment of section 274 by the Congress, the court held that, while the evidence generally supported the conclusion that the parties given enhanced the good will of the bank and contributed to its substantial growth and constituted a fully justifiable expenditure which would otherwise be deductible as an ordinary and necessary business expense under section 162, such expenditures did not meet the "directly related" test of section 274 and were, therefore, not allowable as deductions. In arriving at this conclusion, the court made the following statement (page 680): Thus, insofar as the "directly related" test is concerned, it seems manifest that the entertainment involved in this case *162 fails to qualify. There can be no doubt that the parties hosted by the Rutlands were motivated primarily by business considerations and that the Bank was the ultimate beneficiary of their social efforts. Yet it is equally clear that the benefit enjoyed by the Bank was of the goodwill variety derived from a purely social setting and, as such, was precisely the type of expense deduction that Congress intended to eliminate by way of the "directly related" test. The court also found that the expenses in that case did not meet the requirements of the "associated with" test, either, since the parties in question did not either precede or follow any formal business meetings. Since we conclude that no deduction is allowable under section 274(a)(1)(A) with respect to the expenses in question, we need not consider the question of whether the petitioners have met the substantiation requirements of section 274(d). Yet, from the evidence offered, it appears that the petitioner has failed to establish the various factors there called for with the exactitude or precision demanded by the regulations and prior decisions of this Court. See sec. 1.274-5(c), Income Tax Regs., and Rutz v. Commissioner,66 T.C. 879 (1976). *163 Accordingly, we agree with the respondent that the expenditures for entertainment here in question are not deductible under section 274. * * *
In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.