ROBERT A. and BARBARA N. ROUMIGUIERE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roumiguiere v. Commissioner
Docket No. 2979-79.
United States Tax Court
T.C. Memo 1980-356; 1980 Tax Ct. Memo LEXIS 231; 40 T.C.M. (CCH) 1137; T.C.M. (RIA) 80356; September 3, 1980, Filed *232 Robert A. Roumiguiere, pro se. Alan C. Parsons, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax for calendar years 1974 and 1975 of $1,123 and $541, respectively. Due to concessions, the only issues for decision are whether petitioners are entitled to deduct certain promotional expenses, "Master Charge deductibles," and boat expenses as ordinary and necessary business expenses under section 162. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Robert A. Roumiguiere and Barbara N. Roumiguiere, husband and wife, were residents of San Rafael, Calif., at the time of filing their petition herein. Robert A. Roumiguiere (hereinafter petitioner) has been active in real estate sales and promotions since 1952. During 1974 tne 1975, he operated as a sole proprietor and was also a 35 percent shareholder and vice-president of A.R. Roumiguiere, Inc., a corporation involved *233 in real estate sales. When a real estate deal arose, petitioner decided which business, the sole proprietorship or the corporation, would be credited with the transaction, and expenses and income were allocated accordingly. The division of petitioner's time and real estate transactions between his businesses was solely in petitioner's discretion, and no established formula was used. Separate books were kept for each business. [2]The corporation and sole proprietorship operated from the same office until that office was closed sometime in 1974. The office closing was a result of petitioner's appointment in September 1972 to the Marin County (Calif.) Board of Supervisors. Although his position was technically part-time, he devoted a great deal of time to his work on the Board. In addition to regular Board duties, petitioner served as director of the San Rafael Sanitation District, sat as a member of the Marin County employees' retirement system, and represented Marin County in the North Coast County Supervisors *234 Association. The demands of public office were such that petitioner was not able to devote as much time to his real estate businesses as he had previously; however, he did not completely curtail his business activities. Thus, in an effort to continue but reduce his real estate dealings, petitioner moved the joint office of his sole proprietorship and A.R. Roumiguiere, Inc. to his home. On their Federal income tax returns for calendar years 1974 and 1975, petitioners claimed the following deductions: 1974
1975
Business Promotion
$1,910
$1,343
"Master Charge Deductibles"
241
319
Petitioner's record keeping consisted of placing receipts, cash slips, notes, and any other documents in a separate box for each year. He cannot find the boxes for 1974 and 1975. Petitioner also maintained an appointment calendar for 1974 and 1975 which showed appointment dates, times, and locations and names of persons met. No notations were made of specific expenditures, the business purpose of the meetings, or the business relationship between him and whomever he was meeting. Originally no designation of business versus personal was made but subsequently petitioner marked *235 from memory those appointments relating to business with a red "X". No differentation was made between appointments relating to petitioner's efforts as a sole proprietorship and those on behalf of A.R. Roumiguiere, Inc. The calendar was not introduced, but petitioner testified from it at trial. Respondent conceded petitioner's substantiation of the total amounts of 1974 expenditures but not such amounts for 1975. Petitioner owned a 28-foot cabin cruiser which was docked a short distance from this Board of Supervisors' office. He found it convenient to meet with business associates and clients on the boat. Petitioner occasionally used the boat for personal reasons. On his appointment calendar, some meetings were marked "boat"; however, he did not maintain a separate log for the boat indicating the number and purposes of its uses. On their Federal income tax returns for 1974 and 1975, petitioners claimed deductions of $1,812 and $749, respectively, for "boat expenses for promotion." Respondent conceded substantiation of the amount of 1974 expenditures ($1,812) for the boat including items such as boat dockage fees and personal property taxes. The amount of expenditures for *236 1975 was not substantiated. In his statutory notice of deficiency, respondent disallowed the claimed business deductions totaling $3,963 and $2,411 for 1974 and 1975, respectively. OPINION The issues for decision are whether petitioners are entitled to deduct certain promotion expenses, "Master Charge deductibles," and boat expenses as ordinary and necessary business expenses under section 162. We find these expenses nonductible because petitioners failed to meet the requirements of section 274. 1. Promotion Expenses and "Master Charge Deductibles" Section 162 provides for deduction of all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Given petitioner's active conduct of the trade or business of real estate sales and promotion, we do not doubt that he incurred expenses that would be deductible if it were not for the provisions of section 274. Section 274 limits otherwise deductible expenses for entertainment, amusement or recreation activities and for facilities used in connection with such activities to those proximately related to the taxpayer's trade or business, section 274(a), [3] and substantiated per section 274(d) *237 which provides: (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. Accordingly, a taxpayer cannot deduct travel, entertainment, amusement, recreation, or *238 related facility expenses regardless of the fact that they were incurred in his trade or business unless he establishes the amount of each separate expenditure, the time, place, and business purpose of each expenditure, and the business relationship between the taxpayer and whomever entertained. Each element must be substantiated for each event. Sec. 1.274-5(b)(1), Income Tax Regs. See Dowell v. United States,522 F.2d 708, (5th Cir. 1975), cert. denied 426 U.S. 920 (1976); Rutz v. Commissioner,66 T.C. 879 (1976). Petitioner possibly could have used his appointment calendar for 1974 and 1975 to recall the business purpose and business relationship of most, if not all, of his meetings; however, given the close interrelation between petitioner's own business and A.R. Roumiguiere, Inc., the task would have been difficult. Even though we found petitioner a credible witness, his oral testimony alone is not enough. Sec. 1.274-5(c), Income Tax Regs.; Gilman v. Commissioner,72 T.C. 730 (1979). We simply do not have before us the event by event substantiation of all the enumerated elements (amount, time and place, business *239 purpose and business relationship) required by section 274(d). We cannot allow the claimed deductions for promotion and "Master Charge deductibles" expenses since the requirements of section 274(d) have not been met. 2. Boat Expenses
Some of petitioner's boat expenses present a problem different from that involved in his promotion and "Master Charge deductibles" expenses discussed above. The boat expenses for 1975, none of which were substantiated in amount, fail for that reason under section 274(d); however, the 1974 boat expenses of $1,812 substantiated in amount must be evaluated separately. The event by event substantiation applicable to general travel and entertainment expenses such as drinks and dinners under section 274(d) is not applicable to fixed expenses of an entertainment facility such as mooring fees, insurance, and maintenance. While respondent conceded that 1974 expenses were substantiated in amount, we unfortunately were not given any itemization and must assume that some of the substantiated amounts were fixed costs of maintaining petitioner's boat. At trial, respondent specifically noted docking fees as one of the 1974 boat expenditures substantiated *240 in amount. Fixed entertainment facility expenses are deductible only if the facility was used primarily for the furtherance of the taxpayer's trade or business. Sec. 274(a)(1)(B). Petitioners have not proved the requisite primary use; therefore, all their claimed boat expense deductions must fail. Section 1.274-2(e)(4)(iii), Income Tax Regs., provides that if more than 50 percent of the calendar days of actual use are days of business use, then a taxpayer is deemed to have extablished the facility was used primarily to further the taxpayer's business. Petitioner has not satisfied this test. Petitioner presented no separate log or other document from which we can determine the number of days the boat was actually used let alone the number of days of business use versus personal use. However, failure to meet the 50 percent test carries no negative implication. Even if a taxpayer fails that test, he may show by all the facts and circumstances that the primary use of a recreational facility was to further his business. Sec. 1.274-2(e)(4)(i), Income Tax Regs.; Ashby v. Commissioner,50 T.C. 409 (1968). We find that petitioner has not done so. Section 1.274-5(c)(6)(iii), *241 Income Tax Regs., provides "[if] a taxpayer fails to maintain adequate records concerning a facility which is likely to serve the personal purposes of the taxpayer, it shall be presumed that the use of such facility was primarily personal." This rule is expressly supported by legislative history, S. Rept. No. 1881, 87th Cong., 2d Sess., 1962-3 C.B. 707, 738, and the language of the statute, which disallows any deduction "unless the taxpayer establishes that the facility was used primarily for * * * business." Sec. 274(a)(1)(B) (Emphasis added). Petitioner offered no proof other than his own uncorroborated oral testimony to overcome this presumption and that alone is not enough. Sec. 1.274-5(c)(3), Income Tax Regs.; Nicholls, North, Buse Co. v. Commissioner,56 T.C. 1225 (1971). To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue unless otherwise indicated.↩
2. Respondent initially contended that petitioner was not actively engaged in the trade or business of real estate sales and promotion but conceded the issue on brief.↩
3. In view of our holding that petitioners failed to satisfy the requirements of sec. 274(d) we do not reach the sec. 274(a) issue except as to certain of the boat expenses discussed infra↩.