THEODORE J. ADAMS and JUDY F. ADAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 1327-78.
United States Tax Court
T.C. Memo 1980-398; 1980 Tax Ct. Memo LEXIS 178; 40 T.C.M. (CCH) 1275; T.C.M. (RIA) 80398; September 18, 1980, Filed *178 Respondent, utilizing the source and applications of funds and cash expenditure methods of recomputing income, determied that petitioners underreported income. Held: Respondent's determination is sustained. Held Further: Petitioners are liable for sec. 6651(a) and sec. 6653(a) additions to tax. Theodore J. Adams and Judy F. Adams, pro se. Alan H. Kaufman, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on November 10, 1977, issued a statutory notice to petitioners in which he determined a deficiency in Federal income tax for their taxable year 1974 in the amount of $3,599.95 and additions to tax under sections 6651(a) and 6653(a), I.R.C. 1954, of $539.99 and $184.73, respectively. After concessions by both parties the remaining issues before us are: (1) whether petitioners understated their income for the taxable year 1974 by $7,674.17 as computed by the source and application of funds and cash transactions methods of reconstructing income; (2) whether petitioners are entitled to a deduction for business expenses for travel and *180 entertainment; (3) whether petitioners' underpayment of tax was due to negligence or intentional disregard of the rules and regulations; and (4) whether petitioners could show reasonable cause for failure to file timely their income tax return. FINDINGS OF FACT Petitioners, Theodore and Judy Adams, husband and wife, resided in Metairie, Louisiana at the time they filed their petition in this case. They filed a joint income tax return on July 9, 1975 for the calendar year 1974 with the Internal Revenue Service Center in Austin, Texas. During the year in issue Mr. Adams was a partner in the law firm of Adams & Geraghty. He also earned income practicing law in an individual capacity during 1974. Mr. Adams kept no records of his income or expenses relating to his individual law practice. Applying the cash transaction method of reconstructing income, respondent determined that petitioners' 1974 income was understated by $7,674.17. Respondent's computation using the cash transaction method of reconstructing income is as follows: Cash Available
Partnership income per return
$ 8,397.00
Legal fee income per return
1,700.00
Tax refund from prior year
263.00
Automobile trade-in
4,000.00
Cash on hand 1/1/74
0.00
Cash in bank accounts 1/1/74
570.23
Funds borrowed
16,500.00
Total cash available
$31,430.23
Cash Expended
Business expenses
per return
$8,894.00
Less: Depreciation
per return (4,747.00)
$ 4,147.00
Purchase of automobile
10,500.00
Cash on hand 12/31/74
500.00
Cash in bank accounts 12/31/74
1,475.34
Loan payments
3,459.72
Contribution to partnership
2,906.00
Personal living expenses
17,994.33
Miscellaneous expenses
1,672.01
Total cash expended
$42,654.40
Additional gross receipts
(cash expended less cash
available)
$11,224.17
Less: Travel and Entertainment
claimed per return
(3,550.00)
Understatement of Income
$ 7,674.17
*181 The cash expenditures are based upon petitioners' income tax return, the stipulations of fact and concessions of petitioners. Respondent also determined petitioners' understatement of income under the source and application of funds method of reconstructing income. Respondent's computation, applying this method, is as follows: Funds Applied During the Year
Increase in cash on hand
$ 500.00
Increase in bank accounts
905.11
Personal living expenses
17,994.33
Miscellaneous expenses
1,672.01
Purchase of automobile
10,500.00
Payments on loans
3,459.72
Contributions to partnership
2,906.00
Funds applied
$37,937.17
Source of Funds During Year
Adjusted gross income per return
$ 1,203.00
Depreciation claimed per return
4,747.00
Trade-in on automobile
4,000.00
Funds borrowed
16,500.00
Tax refund from prior year
263.00
Funds available
$26,713.00
Additional gross receipts
(funds applied less funds
available)
$11,224.17
Less: Travel and Entertainment
claimed per return
(3,550.00)
Understatement of Income
$ 7,674.17
OPINION The first issue for our consideration is whether petitioners understated their income for 1974. In the absence *182 of books and records, respondent utilized the source and application of funds method of reconstructing income. Petitioners do not challenge the propriety of using this methodology. To do so would have been bootless. See sec. 1.446-1(b)(1), Income Tax Regs.; Taglianetti v. United States,398 F.2d 558, 562 (1st Cir. 1968), affd. 394 U.S. 316 (1969). Respondent's determination of the total amount of cash expended or on hand at the end of the year is based on the stipulations and concessions by petitioners. Thus to establish respondent's determination is in error, petitioners must prove that they had additional sources of nontaxable funds available other than those listed by respondent. Mr. Adams stated at trial that he and his wife received a nontaxable loan from his mother-in-law during 1974. He could not, however, remember the amount of the loan ($4,000-$6,000), whether it was in cash or by check, and whether he deposited the funds in their checking or savings account. A review of petitioners' checking and savings accounts statements do not reflect a deposit of $4,000 other than by sources considered by respondent. Respondent's determination *183 of expenditures is based upon an analysis of petitioners' checking or savings account. Therefore, if petitioner received additional funds from his mother-in-law and expended the same, those funds would not be reflected in respondent's expenditure computations. The effect, of course, is that, since respondent's total expenditures would be understated by the amount of the nontaxable loans received, it would leave unaffected his determination of understatement of reportable income as there would be a wash. Further complicating matters is petitioners' failure to introduce into evidence a copy of the note reflecting the loan from his mother-in-law. Finally we note that Mr. Adams failed to present any corroborating testimony by either his wife or his mother-in-law with respect to the existence of the loan. Under these circumstances we will not accept Mr. Adams' assertion as truthful. Accordingly we find that petitioners have failed to carry their burden of proof.See Rule 142(a), Tax Court Rules of Practice and Procedure. Hence, we sustain respondent's determination that petitioners failed to report $7,674.17 of gross income in 1974. The next question presented is whether petitioners *184 are entitled to deduct as business expenses under section 162(a) $850 for travel and $2,700 for entertainment as claimed on their return. The petitioners contend that these amounts represent the business expenses of Mr. Adams, incurred in his individual practice of law. Before any of petitioners' claimed entertainment expenses or travel expenses can be allowed, petitioners must show that they qualify for deductions under section 162 and satisfy the substantiation requirements of section 274(d). Under section 274(d) no deduction is allowed for travel or entertainment expenses unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement the amount of such expense, the time and place of the travel and entertainment, the business purpose of the expense, and the business relationship to the taxpayer of persons entertained. [1]
*185 Petitioners did not introduce into evidence any records which might indicate that they are entitled to the travel and entertainment expenses claimed. Further, Mr. Adams' unsupported and self-serving testimony alone is insufficient substantiation of these claimed business expenses. Rutz v. Commissioner,66 T.C. 879, 885 (1976). In short petitioners have utterly failed to satisfy the substantiation requirements of section 274(d) with respect to these deductions. Therefore we hold that respondent properly disallowed the claimed business deductions. The final questions presented are whether petitioners are liable for the additions to tax under section 6651(a) for failure to file a timely return and section 6653(a) for negligence or intentional disregard of rules and regulations. Petitioners did not assign error in their petition with respect to either of these assertions by respondent. Under Rule 34(b)(4), Tax Court Rules of Practice and Procedure, when a petitioner fails to raise an issue in the petition, it is deemed conceded. Even had petitioners assigned error to the addition to tax, they would have borne the burden of proof with respect to disputing the assertion. *186 Rule 142, Tax Court Rules of Practice and Procedure. Petitioner Theodores Adams was a lawyer and "should have known." Even absent Rule 34(b)(4) we would have held that petitioners had failed to carry their burden. To reflect concessions by both parties, Decision will be entered under Rule 155.
Footnotes
1. Section 274(d) reads as follows: (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations.↩