M. HUNTER BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 12487-78.
United States Tax Court
T.C. Memo 1981-75; 1981 Tax Ct. Memo LEXIS 669; 41 T.C.M. (CCH) 937; T.C.M. (RIA) 81075; February 23, 1981. M. Hunter Brown, pro se. Charles W. Jeglikowski, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION
*670 FORRESTER, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the taxable year 1975 in the amount of $ 1,665. Concessions having been made, the primary issues for decision are: (1) whether petitioner is entitled to a deduction for travel expenses in an amount greater than that allowed by the respondent; and (2) whether petitioner is entitled to a deduction for entertainment expenses in an amount greater than that allowed by the respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Santa Monica, California, at the time the petition herein was filed. He timely filed his Federal income tax return for 1975. Since 1948 petitioner has been engaged in the practice of neurosurgery, specializing in psychiatric surgery. During 1975 he participated in three professional conferences. In one the petitioner addressed the International Society of Psychiatric Surgery and the European Society of Functional and Stereotactic Surgery in Madrid, Spain. His stay there was 17 days. Petitioner also participated in a 4-day meeting in New York City. Finally, during 1975, petitioner spent two days *671 lecturing at the University of Ottowa in Canada. [1] Petitioner has kept records of his airfare and hotel bills for these trips, but he has not kept any other records whatsoever relating to other expenses incurred while attending the conferences in question. The amount deducted on his 1975 tax return for business travel expense totaled $ 5,662. Since 1948 petitioner has been a member of the Riviera Country Club (hereinafter Riviera Club) in Pacific Palisades, California. He has played golf regularly since that time. During 1975 petitioner played golf every Wednesday and Saturday, 95 percent of the time at the Riviera Club. He testified that the primary purpose of his membership in the Riviera Club was to further his business, entertaining both doctors and patients. He also noted that golf is a "bit of a chore" for him. He often played with the same individuals, only occasionally, however, did he know in advance whom he would be playing with on a given day. It was customary for petitioner to wager on the outcome of the round. After a round of golf the players *672 usually retired to the clubhouse for refreshments. Petitioner kept no records to show with whom he played golf in 1975. On his1975 income tax return petitioner deducted 80 percent of the expenses incurred at the Riviera Club, including membership. This deduction totaled $ 2,532.70. Petitioner incurred other costs for entertainment in 1975. His only evidence of these expenses are approximately 70 checks in amounts of $ 25, $ 50, $ 75, and $ 100 made out to cash. On the stubs corresponding to these checks, prepared one or two days before or after the expense was incurred, the petitioner recorded only the names of individuals entertained (occasionally adding the designation "patient"), the establishment to which they went, and the nature of the entertainment. Petitioner deducted, as a business expense, 80 percent of the total which amounted to approximately $ 2,400 during 1975. In his notice of deficiency respondent has disallowed $ 734 of petitioner's claimed travel expense deduction and has also disallowed all of petitioner's claimed entertainment expense deductions which were either evidenced by checks made out to cash or which represented costs incurred at the Riviera Club. *673 OPINION Respondent admits that petitioner's travel was business related, but argues that he is not entitled to travel and entertainment expense deductions in excess of the amounts previously allowed by respondent because petitioner has failed to satisfy the substantiation requirements of section274(d).[2] Further, with respect to the Riviera Club costs, respondent also maintains that petitioner's deductions do not meet the "directly related" test of section 274(a). Section 274 provides in pertinent part: SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES.
(a) Entertainment, Amusement, or Recreation.-- (1) In General.--No deduction otherwise allowable under this chapter shall be allowed for any item-- (A) Activity.--With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business *674 meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or (B) Facility.--With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business, and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial nd bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business. (2) Special Rules. -- For purposes of applying paragraph (1) -- (A) Dues or fees to any social, athletic, or sporting club or organization shall be treated as items with respect to facilities. (d) Substantiation Required. -- No deduction shall be allowed -- (1) under section 162 or 212 for any traveling expense (including meals and lodging while *675 away from home), (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * * The petitioner has the burden to prove both that the requirements of section 274 have been met and that the respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We find that with respect to all of the claimed deductions in issue the petitioner has failed *676 to satisfy his burden. Pursuant to section 274(d), a taxpayer must prove, by records or other evidence corroborating his testimony, the amount, time and place, business purpose, and business relationship of individuals relating to each claimed expense for business travel and entertainment. Rutz v. Commissioner,66 T.C. 879 (1976). For each item that the respondent has disallowed the petitioner has failed to provide evidence of one or more of the essential elements of substantiation. With respect to claimed travel expenditures, petitioner has not provided a single element of section 274(d) substantiation. Furthermore, he made no attempt to do so by his testimony. His explanation was merely that detailed record keeping is unreasonable. He stated: there are on professional meetings and trips a number-- a thousand little items, for example, taxies, tips to bellhops, a minimum of professional entertainment, and your colleagues, in which you interchange ideas. And I think that it is unreasonable to expect that for every $ .50 when a bag is carried to your room, that *677 you should make an itemization of this. You would become an automation. * * * As for expenses incurred at the Riviera Club, petitioner produced receipts showing the amount, nature, and time and place of each expense, but no record of business purpose, individuals entertained, or business relationship of those entertained. He merely testified that he played golf at the Riviera Club primarily to aid his profession. He said he considered playing golf a "bit of a chore." We find such a statement of dubious credibility for a man who has played golf every Wednesday and Saturday for 27 years, and who only occasionally knew in advance with whom he would be playing. Finally, we consider the petitioner's entertainment expenses represented by checks made out to cash. Here, the petitioner did keep contemporaneous documentation through information recorded on the check stubs. In every case the petitioner recorded the individual entertained, nature of the entertainment, and the approximate time of entertainment. A few stubs even included the business relationship of the person entertained, i.e., patient, and the place thereof. But nowhere in these records does the business purpose or amount *678 of the expense appear. The checks were all made out to cash and negotiated prior to the entertainment itself. They were in round numbers, i.e., $ 25, $ 50, $ 75, or $ 100. Notwithstanding that petitioner deducted only 80 percent of the total of these items, there is no way to tell how much was actually expended. Moreover, petitioner has offered no testimony or other evidence as to the amounts. Furthermore, petitioner's estimates are inconsistent--for example, at the same restaurant $ 50 for three persons on one occasion and $ 100 for four persons on another. The requirements of section 274(d) are clear and specificity is required. Gilman v. Commissioner,72 T.C. 730 (1979). See Rutz v. Commissioner,66 T.C. 879 (1976). As unreasonable as petitioner considers these requirements, they must be met before we may allow the deductions. Accordingly, respondent's determination must be sustained. Because of concessions, Decision will be entered under Rule 155. Footnotes
1. With respect to the Canada trip, petitioner's expenses were entirely reimbursed and thus are not herein at issue.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩