EDWARD J. WINTER, JR. AND ISABELLA WARD WINTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Winter v. Commissioner
Docket No. 17641-79.
United States Tax Court
T.C. Memo 1983-118; 1983 Tax Ct. Memo LEXIS 667; 45 T.C.M. (CCH) 897; T.C.M. (RIA) 83118; March 7, 1983. *667 Petitioner is a trial lawyer specializing in family law.During 1975 and 1976, he took numerous trips in connection with his profession. On his income tax returns for those years, petitioner deducted various amounts as "legal fees, travel expenses, entertainment, business promotion, finders fees, legal expenses and bar seminars." He also deducted $3,184 as a charitable contribution. Held, in many cases petitioner has failed to satisfy the rigorous substantiation requirements of sec. 274, I.R.C. 1954, and the deductible amounts are determined accordingly. In addition, petitioner has failed to carry his burden of proof with respect to the alleged charitable contribution and with respect to certain other business expenses. Held further, petitioner is liable for the addition to tax pursuant to sec. 6651(a) for the taxable year 1976. Held further, petitioner is liable for the additions to tax pursuant to sec. 6653(a) for the taxable years 1975 and 1976. *669 Edward J. Winter, Jr., pro se. Eugene Meyers, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated September 27, 1979, respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Taxable
Addition pursuant
Addition pursuant
Year
Deficiency
to sec. 6651(a)(1)
to sec. 6653(a)
1975
$2,682
$134
1976
4,247
$694
246
After concessions, the issues for decision are (1) whether certain expenses incurred by petitioner during 1975 and 1976 are deductible under section 162(a), I.R.C. 1954; (2) whether expenses claimed as deductions pursuant to section 162(a) were properly substantiated as required by section 274(d); (3) whether petitioners are entitled to a deduction for charitable contributions in 1976 in excess of the amount allowed by respondent; (4) whether petitioners are liable for the addition to tax pursuant to section 6651(a)(1) for the taxable year 1976; and (5) whether petitioners are liable for an addition to tax pursuant to section 6653(a) for each of the taxable years 1975 and 1976. *670 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners, Edward J. Winter, Jr. and his wife, Isabella Ward Winter, resided in the State of Florida at the time of filing their petition herein. They filed a joint Federal income tax return for the taxable year 1975 with the Internal Revenue Service Center, Chamblee, Georgia. They filed a joint Federal income tax return with the Internal Revenue Service Center, Miami, Florida for the taxable year 1976 on June 12, 1978. Isabella Winter is a party to this proceeding solely by reason of her having filed jointly with Edward J. Winter, Jr. (hereinafter petitioner). Petitioner is a trial lawyer specializing in family law with his office in Miami, Florida. He is a former chairman and co-chairman of the Family Law Section of the Association of Trial Lawyers of America.He has written several law books on child custody litigation. In addition, he has sponsored seminars, beginning in 1975, which have helped him gain a reputation as a child custody specialist. On September 7, 1975, petitioner flew from Miami *671 to Atlanta, and then to Columbus, Mississippi, at a cost of $148.47. He then returned to Atlanta from Memphis on September 9, 1975 at a cost of $180.47. On October 6, 1975, petitioner flew from Miami to Atlanta at a cost of $93.45, and on the same day flew to Columbus, Mississippi at a cost of $43.70. Petitioner made these trips in order to restrictive covenants for the stated period of their duration, He did not identify any client on whose behalf the trips were taken. On April 15, 1975 and May 1, 1975, petitioner flew from Miami to Charleston, South Carolina at a cost of $91.34 and $113.10, respectively. Petitioner testified that the trips were made to interview a client that petitioner was representing in litigation in that state. On March 1, November 5, November 13 and December 19, 1975, petitioner flew to or from Sarasota, Florida, incurring travel expenses of $28.70, $66.10, $30.20 and $28.74, respectively. He testified that these expenses were incurred in connection with a case he was trying during that time. On February 16, 1975, petitioner flew from Sault Ste. Marie to Thunder Bay, Canada; on February 19, 1975, he flew from Duluth, Minnesota to Thunder Bay; on *672 February 21, 1975, he flew from Toronto to Miami; on July 11, 1975 he flew from Miami to Toronto; and on August 1, 1975 he purchased an Allegheny Airlines ticket. Petitioner thereby incurred travel expenses of $75.60, $29.53, $52.50, $99.70 and $91.55, respectively. These expenses were incurred in connection with the estate of Ludwig Capek, which petitioner was handling. On January 29, 1975, petitioner flew from Miami to Atlanta at a cost of $60.70. The trip was taken to attend a convention of the Association of Trial Lawyers of America. On August 11, 1975, petitioner flew from Miami to Dayton, Ohio at a cost of $88.70. On October 17, 1975, petitioner flew from Seattle to Anchorage, Alaska at a cost of $60 and on October 28, 1975 he flew from Seattle to St. Louis at a cost of $100.70. These flights were made in connection with a case petitioner was investigating for a client. Petitioner testified that a National Airlines boarding pass represented a $40 expenditure to fly from Miami to Sarasota on May 20, 1975 to try a case, but he did not produce any further corroboration of the amount so expended. [1]
*673 On May 11, 1976 petitioner flew Western Airlines from Seattle/Tacoma to Anchorage at a cost of $102.52. On May 19, 1976 petitioner flew Alaska Airlines from Anchorage to Juneau at a cost of $78.86. On May 25, 1976 petitioner paid $91.80 for a flight on Western Airlines. On May 19, 1976 petitioner paid $50.54 for accommodations at the Travelodge Motel in Seattle, Washington. These costs were incurred in connection with a case petitioner was handling. Petitioner attempted to verify 1975 entertainment expenses by producing a nine-page typewritten listing of the dates, places, amounts, relationship, and persons entertained. The entries on the list were not made at or near the time of the expenditure but were based upon petitioner's office diary and calendar and, in some cases, from memory. Petitioner also produced 54 restaurant receipts totaling $398.10.
Of the 54 restaurant receipts, 12 (totaling $34.42) were undated, 16 (totaling $188.48) were dated but were not on petitioner's typewritten list, 12 (totaling $59.98) have names written on them that do not correspond to the names on the typewritten list, 2 (totaling $18.11) were without names and the place did not match the *674 entry on petitioner's list, 11 (totaling $89.51) corresponded to entries on the typewritten list except for discrepancies in amount, and 1 (for $8) matched in name, date and amount. Petitioner purported to verify 1976 entertainment expenses by producing a five-page typewritten listing compiled in the same manner as the 1975 listing. Petitioner also submitted 72 restaurant receipts totaling a face amount of $374.96. In December 1976 petitioner purchased a wall parchment in London for $100 and, upon his return to the United States in December, presented it to a Miami attorney who had referred cases to him. Petitioner's only substantiation of this gift was a handwritten note that was contemporaneously written. On his income tax return for 1975, petitioner claimed the following business expense deductions, which were disallowed by respondent in whole or in part as follows. Expense
Claimed
Allowed
Disallowed
Legal fees
$2,326
$1,800
$526
Travel expenses
1,753
434
1,319
Entertainment
2,782
13
2,769
Business promotion
803
502
301
Finder's fee
1,179
1,179
On his income tax return for 1976, petitioner claimed the following business *675 expense deductions, which were disallowed by respondent in whole or in part as follows: Expense
Claimed
Allowed
Disallowed
Legal expenses
$1,828
$863
$965
Travel expenses
2,038
2,038
Airline tickets
2,431
877
1,554
Entertainment
2,340
2,340
Business promotion
2,728
2,728
Finder's fee
2,892
2,892
Bar seminar
1,934
--
1,934
Petitioner also claimed a charitable contribution deduction of $3,184 on his 1976 return. Respondent disallowed $1,948 of this amount. OPINION On his 1975 return, petitioner deducted $2,326 in "legal fees." Respondent disallowed $526 of this amount. On his 1976 return, petitioner deducted $1,828 in "legal expenses;" respondent disallowed $965. Petitioner has offered no proof in substantiation of the amounts in excess of those allowed by respondent. This Court has been made the recipient of a mass of receipts, stubs, tickets and flight passes. None of them have been linked up to the claimed legal "fees and expenses." Respondent's determination is presumptively correct; petitioner has the burden of proving *676 otherwise. Welch v. Helvering,290 U.S. 111 (1933). In evaluating whether petitioner has carried his burden through the mere submission of numerous receipts, etc., we are cognizant of a governing opinion by the Fifth Circuit in Dowell v. United States,522 F.2d 708 (5th Cir. 1975). Consequently we thoroughly examined the evidence although we believe that we are entitled to hold petitioner responsible for his failure to correlate the evidence and to arrange it in a comprehensible form; we do not perceive it to be our duty to serve as his accountant. Respondent appears to have allowed generous deductions based on our analysis of the evidence before us, and we therefore find that petitioner is entitled to the deductions in 1975 for "legal fees" and in 1976 for "legal expenses" [2] only in the amounts so allowed. *677 In 1975, petitioner deducted $1,753 in travel expenses. Respondent allowed $434 of this amount. In order for trade or business expenditures to be deductible, they must be "ordinary and necessary expenditures paid or incurred during the taxable year in carrying on" such trade or business. Sec. 162; sec. 1.162-1(a), Income Tax Regs. Such "ordinary and necessary expenses" may include travel and entertainment expenses. However, in the case of such expenditures, additional requirements are imposed as a prerequisite to deductibility. These requirements are embodied in the strict substantiation rules of section 274(d) and the regulations thereunder. Section 274(d) disallows deductions for travel and entertainment expenses unless the taxpayer "substantiates by adequate records or by sufficient evidence corroborating his own statement" the amount of the claimed expense, the time and place of the travel or entertainment, the business purpose of the expense and the business *678 relationship of the taxpayer to the persons entertained. These four elements must be established for each separate expenditure. Sec. 1.274-5(c)(1), Income Tax Regs., Dowell v. United States,supra, at 714. In general, petitioner can satisfy the substantiation requirements of section 274(d) by meeting the "adequate records" test or through "substantiation by other sufficient evidence." Proof by "adequate records" requires that the taxpayer maintain an account book, diary, statement of expense or similar record and documentary evidence which, in combination, "are sufficient to establish each element of an expenditure." Sec. 1.274-5(c)(2)(i); Income Tax Regs. The entry in the account book or diary must be made at or near the time of the expenditure and normally must provide substantiation of the business purpose of the expenditure. Sec. 1.274-5(c)(2)(ii)(a) and (b), Income Tax Regs. Lack of specificity is fatal. [3]
*679 In addition to an account book or diary, substantiation by adequate records requires documentary evidence for lodging and for any other expenditure of $25 or more, except for transportation charges, if documentation for such charges is not readily available. Sec. 1.274-5(c)(2)(iii), Income Tax Regs. Examples of documentary evidence include receipts, paid bills or other similar evidence. Failure to produce such documentary evidence can result in disallowance of travel or entertainment deductions. Alter v. Commissioner,50 T.C. 833, 836 (1968); Sanford v. Commissioner,50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). The documentary evidence produced normally must establish the amount, date, place and essential character of the expenditure. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.
Alternatively, the substantiation requirements of section 274(d) can be satisfied by petitioner's oral or written statement when supported by other corroborative evidence. "Other corroborative *680 evidence" can take two forms. The taxpayer either can introduce oral or written testimony of third persons with actual knowledge of the expenditure or he can submit documentary evidence subject to the same requirements imposed under the adequate records test. Sec. 1.274-5(c)(3), Income Tax Regs.[4]
With respect to the 1975 travel expenses, petitioner has clearly failed to satisfy the adequate records test since he failed to maintain a contemporaneous account book or diary. Petitioner has also failed to satisfy the strict requirements of the sufficient evidence test, for, although he has satisfied the requirements of this test with respect to the cost, time, place and date of most of the expenditures by submission of airline receipts and by his direct *681 testimony, he has not proven the business purpose of such expenditures by circumstantial corroborative evidence as required by section 1.274-5(c)(3), Income Tax Regs.Rutz v. Commissioner,66 T.C. 879, 883-886 (1976). We recognize that the requirements imposed by section 274 are unusually stringent, but such acknowledgment does not relieve us of our duty to apply the law.[5] Respondent's determination with respect to the 1975 travel expenses is sustained. On his 1976 return, petitioner deducted $2,038 in travel expenses and $2,431 for airline tickets.Respondent allowed $877 of the latter. Petitioner submitted 3 airline tickets and 8 boarding passes to substantiate these deductions. Again, petitioner's proof falls short of that required under section 274. He has failed to produce "other *682 corroborative evidence" to prove either the business purpose, or the date and amount, or both. Respondent's determinations are sustained with respect to these deductions. On his 1975 and 1976 returns, petitioner deducted $1,179 and $2,892 for "finder's fees." Respondent disallowed these deductions. Petitioner failed to introduce any evidence supporting these claimed deductions and therefore they must be denied. Welch v. Helvering,supra;Rule 142(a), Tax Court Rules of Practice and Procedure.[6]
Petitioner deducted $803 in 1975 for "business promotion," of which respondent allowed $502. Petitioner deducted $2,728 for business promotion in 1976; he also deducted $1,934 for a "bar seminar." Respondent disallowed these deductions. It is entirely unclear to us what type *683 of expenditures gave rise to these deductions. If they were travel expenditures, as it appears they might have been, petitioner again has failed to satisfy the section 274 requirements. If they are other than travel expenditures, petitioner has failed to introduce any evidence with respect to their nature.Accordingly, they must be denied. [7]
Petitioner also deducted entertainment expenses of $2,782 in 1975 and $2,340 in 1976. Respondent only allowed a deduction of $13 for 1975. At trial, petitioner submitted two noncontemporaneous lists of the expenditures. Additionally, for 1975, he submitted 54 restaurant receipts. Twelve of these receipts were undated and therefore do not satisfy the "other corroborative evidence" test. [8] Sixteen *684 of the receipts were not on petitioner's summary and therefore petitioner has failed to satisfy the first prong of the sufficient evidence test, which requires proof of each element of an expense by petitioner's "own statement, whether written or oral, containing specific information in detail." Sec. 1.274-5(c)(3)(i), Income Tax Regs. Twelve have names on them that do not correspond to the typewritten list. Thus, either the first prong or the second prong of section 1.274-5(c)(3), Income Tax Regs., has not been met. Two receipts do not satisfy section 274 because they were without names and the place did not match the entry on petitioner's list. Eleven receipts corresponded to entries on the summary except for discrepancies in amount. We hold these to be substantiated and therefore deductible. The summary satisfies section 1.274-5(c)(3)(i), Income Tax Regs., and the receipts and summary satisfy section 1.274-5(c)(3)(ii), Income Tax Regs. The summary is sufficient to satisfy the circumstantial corroborative evidence test with respect to business purpose since it was based *685 upon petitioner's office diary and calendar.The discrepancy in amount is not, in our view, fatal in these circumstances. Therefore, the $89.51 represented by these receipts and the $8 represented by a receipt that corresponded in name, date and amount to the summary are deductible. Petitioner also submitted 72 receipts totaling $374.96 to verify his $2,340 deduction in 1976. He also provided a summary of such expenditures. After comparing the receipts to the summary, we hold that petitioner is entitled to a $31.01 entertainment expense deduction for 1976. [9]
We believe that petitioner's oral testimony, in conjunction with his contemporaneously written documentation of the $100 business gift satisfies the substantiation requirements of section 1.274-5(c)(3), Income Tax Regs. However, petitioner's deduction is limited to $25 by section 274(b); section 1.274-3, Income Tax Regs.
*686 Petitioner failed to introduce any evidence in support of his claimed charitable contribution deduction of $3,184 and therefore respondent's disallowance of $1,948 of this amount must be sustained. Petitioner has also failed to dispute the addition to tax pursuant to section 6651(a) for 1976. We have found as a fact that petitioner filed his return on June 12, 1978. Since we have been given no justification for this late filing, respondent's determination must be upheld. Neubecker v. Commissioner,65 T.C. 577, 586 (1975). Finally, we must also sustain respondent's determination of the additions pursuant to section 6653(a). From the evidence presented, petitioner's recordkeeping for 1975 and 1976 was woefully inadequate, falling far short of the requirements imposed not only by section 274, but in many cases by the more general requirements of section 6001. The conclusions we have reached are in no way intended to reflect upon petitioner's credibility. Petitioner had the burden of establishing his entitlement to the disputed deductions under section 162 and, in many cases, under the exacting substantiation requirements of section 274. Although petitioner *687 made some effort to satisfy section 274, he generally fell short. In the case of deductions governed by such section, close is not enough. [10]
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Petitioner testified that on January 24, 1976 he flew on National Airlines to attend, as current co-chairman of the Family Law Section, a convention of the Association of Trial Lawyers of America at Caesar's Palace in Las Vegas from January 25-30, 1976, expending $168.74 to fly to the convention and $316.44 for hotel accommodations. Respondent concedes on brief that these amounts are deductible. From July 24, 1976 through July 30, 1976, petitioner stayed at the Atlanta Hilton Hotel at a cost of $193.65 while attending an ATLA convention as co-chairman of its Family Law Section and appearing as a speaker as part of its program. Respondent now concedes that this expense is deductible. Petitioner attended a convention of the Georgia Trial Lawyers Association as a speaker and stayed at the Atlanta Hilton Hotel for the period April 1 through April 4, 1976 at a cost of $137.08. Petitioner also was invited to give a similar presentation of a meeting of the Mississippi Trial Lawyers Association in Biloxi, Mississippi, and paid $27.02 to Friendship House in Biloxi on June 3, 1976. Respondent now concedes that these expenses are deductible.↩
2. Petitioner attempted to substantiate $995 in 1975 legal fees by way of an itemized list of checks that was mailed to the Court after the trial of this case; an unusual step, in itself, by a trial lawyer. First of all, such list was not admitted as evidence in this case and therefore cannot be considered. Secondly, even if it were in evidence, the list does not prove that the amounts listed were paid or that they were ordinary and necessary business expenditures. Finally, even if the list was sufficient to prove that petitioner incurred $995 of deductible legal fees in 1975, there is no evidence that such expenses are not duplicative of the $1,800 deduction allowed by respondent for that year.↩
3. Gras v. Commissioner,T.C. Memo. 1974-230↩, affd. without published opinion (7th Cir., Aug. 7, 1975).
4. In exceptional circumstances, a taxpayer can substantiate travel and entertainment expenditures with proof that does not rise to the level of the adequate records or sufficient evidence tests. See secs. 1.274-5(c)(4) and 1.274-5(c)(5), Income Tax Regs.↩ Petitioners have not attempted to invoke either of these two relief mechanisms, and no evidence has been presented that would entitle them to do so.
5. With respect to the alleged $40 expenditure incurred in connection with the case of Bennett v. Diehl,↩ although the business purpose appears to be established, the amount has not been proven by other corroborative evidence since petitioner only submitted a boarding pass to support the deduction. The pass made no mention of the amount expended.
6. With respect to the $100 "finder's fee" purportedly paid by petitioner during 1976, petitioner was unsure whether such expense had been included in the $1,397 he deducted as office expenses and which was allowed by respondent. We hold that petitioner has failed to prove that he is entitled to this additional $100 deduction above and beyond the claimed office expense deduction.↩
7. As set out in the findings of fact, respondent conceded an additional $842.93 in travel expenditures for 1976. We have no way of knowing whether the conceded amounts are attributable to expenses petitioner deducted under "legal expenses," "travel expenses," "airline tickets," "business promotion," or "bar seminars." However, our redetermination of the 1976 deficiency is intended to take respondent's concessions on brief into account.↩
8. The adequate records test is inapplicable since the summary was not "made at or near the time of the expenditure." Sec. 1.274-5(c)(2)(ii)(a), Income Tax Regs.↩
9. Again, the receipts offered seldom corresponded to entries on petitioner's summary.↩
10. In a number of instances, petitioner would have been entitled to deductions if he had merely written down the business purpose of the expense at or near the time it was incurred. While the regulations under sec. 274↩ are rigorous, they are not incomprehensible. In future years, petitioner can avoid losing deductions as a result of faulty substantiation by recording in a diary or daily account book the time, place, amount and business purpose of each expense, and, in the case of entertainment expenses, the name of and the business relationship to the person entertained. The corresponding receipts documenting such expenditures should also be maintained.